## McMICHAEL AND SHACKLEFORD v. RAPELYE AND PURDY.

1. The condition of a prison bounds bond is forfeited, if the prisoner, at the expiration of sixty days after the execution of the bond, remains without the walls of the prison, he not having taken the benefit of the act for the relief of insolvent debtors.

WRIT of Error to the Circuit Court of Autauga.

This is an action of debt on a prison bounds bond, conditioned that McMichael should continue a true prisoner within the custody and keeping of the keeper of the said prison, (the jail of Autauga county,) or of his steward, deputy or other officer, or some of them, within the limits of the prison bounds, as by law established, until he should be discharged by due course of law, without committing any escape in the mean time. The second breach assigned in the declaration is, that McMichael neglected to take the benefit of the act for the relief of insolvent debtors for more than sixty days after executing the bond, and after that time continued to have the liberty of the bounds of said prison, as by law established, from which a forfeiture of the condition is alledged. The defendants demurred to this breach, and judgment was rendered for the plaintiffs.

This judgment upon the demurrer is the only error now insisted on.

LAPSLEY, for the plaintiffs in error.
GEO. GOLDTHWAITE, contra.

GOLDTHWAITE, J.—The only question here presented is with respect to the sufficiency of the breach assigned, and its solution involves an examination of several of our statutes authorizing the discharge from actual custody of such individuals as are arrested by writs of *ca. sa.* The second section of the act of 1824, imposed the duty on the Judges of the several County Courts, with the Commissioners of Roads and Revenue of each county, to lay out the bounds and rules of their respective prisons—not exceeding one mile from the jail. The third section of the same act provides that any prisoner imprisoned, as mentioned in the second section, may enter into bond with sufficient surety to the plaintiff, in double the sum of the debt or damages for which he may be imprisoned, conditioned, &c. [Digest, 351, §1, 2. The act of 1837 repealed so much of the act of 1824, as required the Judges, &c. to mark and lay off the bounds of prisoners, and extended the prison bounds to the limits of the county within which prisoners confined were to be restricted upon entering into the same bond as then required by law. [Meek's Sup. 307.]

The first section of the act of 1821 provides the mode by which any person who is taken on mesne process, or in actual custody, or charged in execution, may be discharged from arrest or imprisonment, for the purpose of taking the benefit of the insolvent law.

This is effected by giving bond with surety conditioned that the debtor will appear and make surrender in such manner as is required by law, of his property or effects, for the benefit of his creditors, &c. And the fourth section of the same act provides that no person in custody shall have the liberty of the prison bounds, who shall neglect or refuse for sixty days, to take the benefit of the act. [Dig. 228-9, §9, 12.]

This bond was executed in April, 1838, and the inquiry is, whether the neglect to take the benefit of the act for the relief of insolvent debtors, is a breach of the condition, when the prisoner continues to have the liberty of the bounds for a longer period than sixty days.

By the giving of the bond the prisoner is not discharged from custody, but is as much within confinement as if enclosed within the walls of the jail, because the stipulation of the bond

is that he will continue in the custody of the keeper of the jail, his steward, deputy or other officer within the prison bounds *as by law established.* For the space of sixty days these bounds extend to the limits of the county; but after that peri‑od they were restricted to the walls of the jail; it is therefore just as much an escape to remain out of the jail, after the expiration of sixty days, as it would be within that time to withdraw from the county.

The allegation of the breach is, that the prisoner neglected for the space of sixty days to take the benefit of the act referred to, and after the expiration of that time continued to have the liberty of the prison bounds as by law established. We think this must be intended to mean, that he continued to remain without the walls of the jail, within the county, for it would be absurd to intend the allegation to mean that the prisoner remained within the jail, because in such event the allegation of an escape would be untrue.

Our conclusion is that the breach is sufficiently assigned, and therefore the judgment is affirmed.