## CROOM AND DRAKE v. TRAVIS' ADM'R.

1. A bond executed previous to the passage of the act of 1839, " to abolish
   imprisonment for debt," conditioned to keep within the prison bounds, is
   not discharged, or in any manner affected by that statute.
2. A bond conditioned to keep within the " limits of the prison bounds," pur-
   suant to the act of 1824, becomes absolute by the failure of the principal
   to surrender himself to close custody, or to discharge himself by making a
   surrender of his effects and taking the oath of insolvency, within sixty
   days from the time of its execution; nor can the measure of the recovery
   upon such bond be reduced below what the statute prescribes, by proof of
   the inability of the principal to have discharged the judgment on which
   the $ca. sa.$ issued either in whole or in part.
3. The act of 1824, in requiring a prison-bounds bond to be taken in double
   the sum of the debt, &c. is directory merely, and the requirement is suffi-
   ciently complied with, whether the penalty is less or greater than the sta-
   tute prescribes.

Writ of Error the Circuit Court of Sumter.

THIS was an action of debt at the suit of the defendant in
error upon a bond to keep within the prison limits of Sumter,
executed by the plaintiffs and James M. Cade.    The cause
was tried by a jury, who returned a verdict for the plaintiff,
for $314 86, and judgment was rendered accordingly.

A bill of exceptions was sealed at the instance of the de-
fendants, from which it appears that the case is substantially

as follows: The plaintiff adduced a *capias ad satisfacien-dum*, issued from the circuit court of Sumter, upon a judgment therein rendered in favor of the intestate against James M. Cade, showed his arrest by the sheriff's return; and also produced the bond declared on. He further proved that Cade remained without the walls of the jail, for more than sixty days from the time of executing the bond.

The defendants then proved that the principal obligor had for more than a year after executing the bond, remained in the county of Sumter, produced him in court and offered to surrender him up in discharge of the bond. It was also proposed to show that he was entirely insolvent, and had nothing when the *ca. sa.* was served on him. They insisted that the failure of their principal to surrender himself up, did not subject them to the penalty prescribed by the statute, because the bond was not a statutory bond, but a mere common law obligation: Further, that the insolvency of the principal was admissible to reduce the recovery against them. But the court decided that the bond conformed to the statute, that evidence of the principal's insolvency was incompetent, and that his failure to go to jail after the expiration of sixty days, subjected the defendants to the payment of the debt for which he was imprisoned, with ten per cent. interest thereon, from the time of his commitment: *Further*, that the offer of the defendants to surrender their principal, constituted no defence to the action—there being no proof that he had ever taken the insolvent oath.

R. H. Smith, for the plaintiffs in error. The bond does not conform to the statute—its penalty is for $391 50, when it should have been only for $363 38, double the amount of the debt or damages. [Clay's Dig. 499, § 2; 7 Mass. Rep. 98.] If this be so, the defendants are not chargeable with the ten per cent. damages; and besides should have been allowed the defences they insisted on, at the trial.

S. W. Inge, for the defendant in error. Bail may surrender their principal on a *scire facias*, but not in this action. [Clay's Dig. 73, 75, 499.] The requisition of the statute that the bond shall be double the amount of the debt or damages,

is merely directory, [7 Ala. Rep. 104,] and the rulings of the circuit court are consequently correct. [1 Ala. R. 22; 4 Id. 383; 8 Id. 295.]

COLLIER, C. J.—The bond on which a recovery is sought in the present case, was executed previous to the passage of the act of February, 1839, and consequently is not discharged, or in any manner affected by it. [1 Ala. Rep. N. S. 22.]

It is enacted by the act of 1824, that any person imprisoned in a civil action may enter into bond with sufficient surety to the plaintiff, in double the sum of the debt or damages for which he may be imprisoned, which bond may be taken by the sheriff, or jailor, with a condition as follows, viz:— " The condition of the above obligation is such, that if the above bound A B, a prisoner in the jail of ...... county, at the suit of C D, do, and shall from the date hereof, continue a true prisoner, in the custody, guard and safekeeping of the keeper of said prisoner, or of his steward, deputy, or other officer, or of some of them, within the limits of the prison bounds of said prison, as by law established, until he shall be thence discharged by due course of law, without committing any escape in the meantime, then this obligation to be void, else to remain in full force and virtue." Should the condition be broken, it is provided that the bond may be put in suit, and the debt or damages for which the prisoner was arrested, together with ten per cent. interest thereon, from the time of commitment, recovered with costs of suit. [Clay's Dig. 499, § 2.] By the act of 1821, it is declared, that no person in custody shall have the liberty of the prison bounds who shall neglect or refuse for sixty days, to take the benefit of this act. [Id. 277, § 12.] Under this last statute, it has been held, that the condition of the bond is forfeited, if the prisoner, after the expiration of sixty days from the execution of the bond, remains without the walls of the prison, he not having taken the benefit of the act for the relief of insolvent debtors. [4 Ala. Rep. 383.] And in Morrow and another v. Weaver and another, 8 Ala. Rep. 288, that the debtor who has executed a bond to keep within the prison limits, may surrender himself in jail, to the custody of the sheriff, and thus discharge his bond and sureties, even before the sixty

days expire. The bond then became absolute by the failure of the principal to surrender himself to close custody within the time appointed, or to discharge himself by making a surrender of his effects, and taking the oath of insolvency, and the extent of the recovery could not be affected by proof of his inability to have satisfied the judgment, either in whole or in part.

In Anderson v. Rhea, 7 Ala. Rep. it was held, in respect to a forthcoming bond, that the requisition of the statute, that it should be taken in double the amount of the execution, is directory merely; consequently it was no objection to the bond that the penalty was less than the statute requires. But in Clapp v. Haywood, 15 Mass. Rep. 276, it was held, that a bond for less than double the amount of the sum for which the debtor was imprisoned, did not conform to the statute; that the creditor was not bound to accept it, but might charge the sheriff for an escape. It was however added, "It is not decided that a bond for more than double the amount would be, for that reason insufficient to protect the sheriff. As to that point, no opinion is given." It may be observed that the statute of Massachusetts requires that a party arrested on execution in a civil action, or for a debt, to entitle himself to the liberty of the prison limits, shall execute a bond with surety, "in a penalty not less than double the sum for which he is committed, including the charges of commitment." [Rev. Sta. of Mass. ed. 1836, 574.] It may be, that in the construction of this statute, the court accorded some potency to the word "less," and we infer from what was said in the conclusion of the opinion, that this is so. But be this as it may, we can find no warrant for interpreting with greater stringency the statute in question, than the act in respect to forthcoming bonds. They each employ equivalent terms in prescribing the penalty of the bond; and if the requirement of the statute is sufficiently complied with, when the penalty is less than it directs, we think it should be treated as directory, even when the penalty is for a greater amount than it prescribes. Whether the penalty be greater or less than the statute prescribes, is altogether immaterial; for the extent of the obligor's liability is to be admeasured by the amount of the execution, with its accretion by interest and costs. In

the present case we are not sure that the penalty is for a larger sum than double the amount of *damages and costs ;* and although the statute mentions " debt or damages," it may well be questioned whether these terms are not sufficiently comprehensive to embrace the costs upon a judgment.

In every view in which the case has been presented, we think it free from error, and the judgment of the circuit court is consequently affirmed.