[Pilcher v. Central of Georgia Railway Co.]

# Pilcher *v*. Central of Georgia Railway Company.

## Damage for Delay in Delivery of Goods.

(Decided June 4, 1908. 46 South. 765.)

1. *Carriers; Goods; Delay in Delivery; Damages.*—The damages for delay in delivery of goods are such as are the natural and proximate results of the carrier's act, and such as are reasonably within the contemplation of the parties at the time of entering into the contract of carriage, and if the carrier has notice that a delay in delivery will result in unusual loss, recovery may be had therefor.

2. *Same; Measure.*—The measure of damages for delay in delivery of goods is the difference between the market value of the goods at the time of the delivery and at the time when they should have been delivered by reasonable diligence, together with the incidental damages arising naturally from the delay, and such special damages as may be shown when the carrier was informed at the time of the contract of shipment of certain special circumstances requiring expedition in delivery.

3. *Same; Pleading; Complaint.*—In an action against the carrier for delay in delivery of a carload of stoves a complaint which alleges that there was no market value for the stoves at the point of destination, that plaintiff owned teams and hired drivers to peddle the stoves, that during the delay in delivery the team and drivers were unemployed, resulting in loss and damage to the plaintiff, that the carrier or its agent or agents at point of destination knew that there was no market for stoves except as set forth, and that plaintiff was sustaining the expense specially claimed and made necessary by the delay in delivery, but which fails to allege that any notice was given to the carrier at the time of the making of the contract of the special circumstances on which plaintiff's claim for damages rested, is insufficient to authorize a recovery for such special damages.

4. *Same.*—Notice to a carrier by a shipper of the expense and loss which the shipper will sustain by the delay in delivery of goods, given to the carrier subsequent to the execution of the contract of shipment, does not change the contract or obligation of shipment, and does not authorize a recovery of special damages resulting from delay.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by J. M. Pilcher and another against the Central of Ga. Ry. Co. for delay in the delivery of goods. From a judgment for plaintiff for $1, plaintiff appeals. Affirmed.

[Pilcher v. Central of Georgia Railway Co.]

R. D. CRAWFORD, for appellant. We understand that a carrier is only liable in the case of unreasonable delay in the transportation of goods for the difference of the market value of the goods when they were delivered and the market value at the time they should have been delivered. But the principle is elementary that when this does not furnish an adequate compensation for the damages and there is no market price for the goods, then the damages to which plaintiffs are entitled is the reasonable or proximate loss incurred to him by reason of the negligence of the other party.— *Bell v. Reynolds,* 78 Ala. 511; 11Am. St. Rep. 366 and note 1; *Savannah v. Pritchard,* 77 Ga. 412.

ESPY & FARMER, for appellee. The measures of damages in this case is the difference between the value of the goods at the time and place for delivery and their value at the time and place of actual delivery.—*Trousdale v. R. & D. Ry. Co.* 99 Ala. 389; *Southern Ry. Co. v.* 143 Ala.; *Hudson v. N. P. R. R. Co.* 54 Am. St. Rep. 550; 3 Hutchinson Carriers, 1618; Hale on Damages, 256. The damages sought to be recovered were too remote and too uncertain.—*Webb v. Southern Ry. Co.* 143 Ala. 315; *Jackson v. Smith,* 75 Ala. 97; *Foster v. Napier,* 74 Ala. 394; *Southern Ry. Co. v. Coleman,* 44 South. 837.

SIMPSON, J.—This action was brought by the appellant against the appellee to recover damages for the negligent delay by the defendant in delivering a car load of stoves, which were received by the defendant as a common carrier at Atlanta, Ga., on the 4th day of September, 1906, to be transported to Taylor, Ala. which said goods reached said Taylor on the 17th of September. It is claimed in the complaint that three

days was a reasonable time within which to carry said goods from Atlanta to Taylor. It is alleged in the complaint that said stoves were of novel form and make; that they were not purchasable anywhere, except at the factory in Atlanta, and there was no market for them at Taylor; that plaintiffs owned three double teams of mules, and hired a driver for each, to be (and were) solely employed in the sale or peddling of the stoves so delivered; that during the time of the delay in the de-livering of said stoves said teams and drivers were idle and unemployed; that the expense of feeding the teams was $3.50 per day, and the wages of the drivers $1.50 per day; and also that "the defendant, or its agent, or its agent at Taylor, were fully aware and knew that there was no market for said stoves, except as above set out, that plaintiffs were sustaining the expense herein specially claimed, and that said expense was made necessary by the delay in the delivery of the said goods." On motion of the defendant the court struck from the complaint the allegations in regard to the special damages, and a verdict and judgment was rendered for the plaintiffs for $1.

The only evidence was the testimony of the plaintiffs, showing the shipment, the distance from Atlanta to Taylor, 260 miles, with three junction points, and the usual time of travel, three days; that the stoves were protected by patents; that he bought them at the factory and the company did not sell to jobbers, etc., but only to the retail dealer; that witness conducted his business by loading five stoves on each wagon, on Monday morning, and sending his drivers (who were also salesmen) with them, who traveled from house to house and sold during the week; that said teams and drivers were idle during the delay, at the expense stated; that on September 5, 1906, he notified defendant's agent at Taylor and

the agent at Slocomb "of the expense and loss sustained by him during the delay in delivery, and that said stoves could not be purchased in car load lots except from the factory at Atlanta." The assignments of error are to the action of the court in striking the parts of the complaint, and giving, on the written request of the defendant, the charge: "If the jury believe the evidence in this case, they cannot find for the plaintiffs more than nominal damages."

The law is well settled that for delay in delivering goods received by a common carrier for transportation the damages recoverable are such "as are the natural and proximate results of" the carrier's acts, and "such as reasonably might have been expected to be within the contemplation of the parties at the time of entering into the contract as the probable result of a breach; and where the carrier has notice of the fact that a delay in the delivery of the goods will result in an unusual loss or some special damage to the shipper there may be a recovery of the actual damages sustained where the notice was of such character that it will be presumed that the carrier contracted with reference thereto."—3 Joyce on Damages, § 1956. This matter is ably and exhaustively discussed, and the numerous cases cited and analyzed, in the last edition of Hutchison on Carriers, where it is shown that the general rule of damages for delay is the difference between the market value of the goods at the time of delivery and at the time when by reasonable diligence they should have been delivered. In addition, the carrier may be liable "for such other and incidental damages as naturally and proximately flow from the delay"; but "it is the well-settled rule that special damages can be recovered from the carrier, when the transportation has been delayed, only where it is shown that the shipper informed the carrier, at

the time the contract was made, of the special circumstances requiring expedition in the shipment, * * * and although the carrier may have been notified of such special circumstances in time to have prevented a delay, if such notice was given after the contract of transportation had been entered upon, it would not operate to modify the contract, or subject the carrier to liability for special damages arising from a subsequent delay." This is said to be a crucial fact, which must be both alleged and proved.—3 Hutchinson on Carriers (3d Ed.) pp. 1617-1627, §§ 1366-1368, inclusive, with notes and cases cited.

Referring to the complaint and the motion to strike, it does not allege that any notice was given to the defendant, at the time of making the contract, of the special circumstances on which the claim for special damages is based, but only that the defendant, or its agent, or its agent at Taylor, "were fully aware and knew that there was no market," etc. In the first place, this falls far short of alleging such special notice as to raise the presumption that such damages were within the contemplation of the parties at the time of making the contract. In the second place, besides not alleging when the defendant or its agent had such notice, even if we could presume that it meant at the time the contract was made, it is difficult to understand how the fact that the agent at Taylor had such notice could raise any presumption that the parties to a contract made by another agent at Atlanta, 260 miles away, could have in contemplation the special damages claimed, Looking to the evidence as detailed in the bill of exceptions, it is not claimed that any notice of special circumstances was given at the time of making, but it is stated only that on September the 5th, the day after the contract was entered upon, the notice was given to the agents at

[Pilcher v. Central of Georgia Railway Co.]

Taylor and Slocomb of the expense and loss sustained by the plaintiffs. This, of course, according to the authorities and according to sound reason, could not change the terms of the contract or the obligations thereon. Consequently there was no error in the action of the court, and the judgment of the court is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.