# Postal Telegraph & Cable Co. *v.* Beal.

*Damages for Failure to Promptly Deliver Telegram.*

(Decided Feb. 4, 1909. 48 South. 676.)

1. *Telegraphs and Telephones; Transmission of Message; Failure to Deliver.*—It is immaterial whether the relationship between the parties is revealed to the telegraph company's agent when the message is delivered, if the wording of the message shows the urgency of prompt transmission, and charges defendant with notice of the relationship and that plaintiff would be subjected to physical pain and mental suffering as a natural consequence of its failure to promptly deliver the telegram.

2. *Same; Damages.*—A plaintiff is entitled to recover damages for a failure to deliver a message, for the pain resulting from the absence of his mother's care, when but for the breach of the contract she

might have been with him, where the message notified defendant telegraph company that plaintiff was badly injured and carried with it notice that the sendee was plaintiff's mother and apprised defendant of the necessity of prompt delivery.

3. *Appeal and Error; Judgment Rendered; Evidence.*—Where the cause was tried by the court without the intervention of a jury on the testimony of witnesses examined ore tenus and the evidence was sufficient to support the judgment, it will not be disturbed on appeal.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Action by John Beal, Jr., against Postal Telegraph & Cable Company for damages for the failure to promptly deliver a telegram. Judgment for plaintiff and defendant appeals. Affirmed.

VANDEGRAAF & SPROTT, for appellant. Under the facts in this case, the damages claimed for physical suffering should not have been allowed as an element of recovery.—*W. U. Tel Co. v. Lovett,* 58 S. W. 204; *same v. Reed,* 85 S. W. 1171; *Daugherty v. W. U. Tel. Co.,* 75 Ala. 168; *W. U. Tel. Co. v. Way,* 83 Ala. 542; *Burton v. Henry,* 90 Ala. 281; *Cagy v. W. U. Tel. Co.,* 37 Ind. App. 73; *W. U. Tell Co. v. Westmoreland,* 44 South. 382; *Ala. Chem. Co. v. Geiss,* 30 South. 255.

HENRY FITTS, for appellee. This case should be affirmed on the authority of.—*Daugherty v. Am. U. Tel. Co.,* 75 Ala. 168; *W. U. Tel. Co. v. Way,* 83 Ala. 240.

DENSON, J.—The plaintiff, while engaged in mining coal near Sydney, Ala., was severely burned in an explosion which occurred in the mine on the 3d day of June, 1907. At 2 p. m. of the following day, at plaintiff's request, William James (Through a Mr. Henderson) delivered to the defendant company's telegraph office in the city of Birmingham, Ala., a message to be transmitted to plaintiff's mother, as follows, viz: "Bir-

mingham, Ala., June 4, '07. Mattie Beal (colored), Tus-
caloosa, Ala. John badly hurt wants to see you at Syd-
ney coal mine. (Signed) Wm. James." The toll was
paid in Birmingham for the transmission of the message,
and the telegram was received by the defendant's opera-
tor at Tuscaloosa at 2:06 p. m., the same day it was de-
livered for transmission at the Birmingham office. As
soon as it was received by defendant's operator at Tus-
caloosa, he committed it to one of the company's mes-
senger boys to be delivered to the addressee. The mes-
senger made an ineffectual effort to find Mattie Beal,
returned the message to the office about 45 Minutes
after he received it. Thereupon, and about 4 p. m. of
the same day, the operator at Tuscaloosa wired to the
sender a service message, to the effect that Mattie Beal
could not be found in Tuscaloosa. William James re-
ceived that message, and mailed to Mattie Beal a special
delivery letter, notifying her of plaintiff's condition.
This letter Mattie Beal received early on the morning
of Thursday, June 6th; and she left Tuscaloosa at 10
o'clock on the same morning, reaching plaintiff's bed-
side that afternoon, "about two hours by sun," where
she found him in a very bad condition—which condi-
tion, as the evidence tended to show, was due in large
part to lack of some one to nurse him. The evidence
tended to show that the telegram was mailed by the op-
erator in Tuscaloosa to the addressee, and that it was
received by her husband on the 7th of June. It also
showed that the addressee was a negro woman living
within the company's delivery limits in Tuscaloosa, and
that she had been living there for a period of seven years
next before the time hereinafter referred to. The ev-
idence tended to show that the messenger boy was dere-
lict in not making delivery of the message, and that, if it
had been promptly delivered, plaintiff's mother would
probably have reached him on the night of June 4th.

[Postal Telegraph & Cable Co. v. Beal.]

The action is ex contractu. Breach of contract, in the failure to deliver with reasonable dispatch, is alleged, and damages are claimed for physical pain and mental anguish, in addition to the toll paid for the transmission of the message. The assignments of error insisted upon relate to rulings of the court on the admissibility of testimony, to the action of the court in rendering judgment for the plaintiff, and to the overruling of defendant's motion for a new trial.

So far as the questions presented for decision are concerned, we are clear in our opinion that whether the relationship between Mattie Beal and the plaintiff was revealed to defendant's agents before or at the time the message was delivered for transmission is immaterial, for the reason that the wording of the message was such as to herald its own importance and the urgency of prompt delivery, and charged the defendant company with notice of the relationship that existed between the parties, and, further, that as a natural consequence of a failure to deliver it plaintiff would be subjected to physical pain and mental suffering. *Western Union Tel. Co. v. Henderson,* 89 Ala. 510, 7 South. 419, 18 Am. St. Rep. 148; *Western Union Tel. Co. v. Long,* 148 Ala. 202, 41 South. 965; *Western Union Tel. Co. v. Carter,* 85 Tex. 580, 22 S. W. 961, 34 Am. St. Rep. 826; *Western Union Tel. Co. v. Adams,* 75 Tex. 531, 12 S. W. 8557, 6 L. R. A. 844, 16 Am. St. Rep. 920; *Western Union Tel. Co. v. Edsall,* 74 Tex. 329, 12 S. W. 41, 15 Am. St. Rep. 835.

The rulings of the court on the admissibility of testimony are challenged, in brief of appellant's counsel, upon the notion that damages for physical pain are not within the rule of recoverable damages in this cause. It may be conceded that pain, the natural consequence of the injury itself, is not a proper basis for damages; but

this is not the precise question here. Our question is: If plaintiff's pain was prolonged or augmented, on account of lack of the attention and soothing care of his mother during a period when, but for the breach of the contract to promptly deliver said message, she could and would have been present to minister to and care for him, should such pain be considered in estimating the amount of plaintiff's damages? The message in so many words notified defendant that the plaintiff was badly hurt; and if, as has been stated, its wording carried with it notice that the sendee was the mother of plaintiff, and also appraised defendant of the necessity of prompt delivery, we cannot see why, if plaintiff's pain might have been soothed or lessened by his mother's care and ministrations during a period when, but for the breach of the contract by the defendant, she might have been with him, such pain should not be said to have been a direct and proximate consequence of the breach of the contract, and within the contemplation of the parties. The court holds that it was, and that it was, consequently, within the rule of recoverable damages.—*Western Union Tel. Co. v. Church,* 3 Neb. (Unof.) 22, 90 N. W. 878, 57 L. R. A. 905; *Western Union Tel. Co. v. Cooper,* 71 Tex. 507, 9 S. W. 598, 1 L. R. A. 728, 10 Am. St. Rep. 772. The objections of the defendant to the testimony offered are limited to the grounds of irrelevancy and immateriality. From what we have said above, it follows that they were properly overruled.—3 Brick. Dig. p. 444, § 574.

The other assignments of error insisted upon call in question the judgment of the court rendered in favor of the plaintiff and the order overruling the motion for a new trial. The cause was tried, under the practice act applicable to the Tuscaloosa county court, by the court without the intervention of a jury; and on the testimony

of witnesses, which were examined before the court ore tenus, we cannot say that the judgment rendered is plainly erroneous. On the contrary, there is sufficient evidence to support the judgment, and we shall, therefore, not disturb it.—*Woodrow v. Hawving,* 10 Ala. 240, 16 South. 720. Furthermore it cannot be said that the motion for a new trial should have been granted.

Let the judgment appealed from be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and MAYFIELD, JJ. concur.