WESTERN UNION TELEGRAPH CO. v.
ULMER.

(Court of Civil Appeals of Texas. Austin.
Dec. 4, 1912.)

TELEGRAPHS AND TELEPHONES (§ 67*)—DE-
LAY IN DELIVERY OF MESSAGES—DAMAGES.
Where a husband who had procured the
services of a nurse for his wife for three weeks,
without compensation, under an agreement to
wire her money for expenses, deposited the mon-
ey with a telegraph company, and sent the
nurse a message to come at once, and that the
money was deposited, and the company delayed
the delivery of the money, so that the husband
was obliged to employ another nurse, who
charged compensation, the company was liable
for the compensation paid the other nurse for
the three weeks, but not for compensation paid
for nursing after that time.

[Ed. Note.—For other cases, see Telegraphs
and Telephones, Cent. Dig. §§ 64–68; Dec. Dig.
§ 67.*]

Appeal from Bell County Court; W. S.
Shipp, Judge.

Action by J. J. Ulmer against the Western
Union Telegraph Company. From a judg-
ment for plaintiff, defendant appeals. Con-
ditionally reversed and remanded.

N. L. Lindsley and E. P. Dougherty, both
of Dallas, and Geo. H. Fearons, of New York
City, for appellant. John B. Daniel, of
Temple, for appellee.

### Findings of Fact.

JENKINS, J. Appellee, a colored man, re-
sided in Temple. His sister-in-law, Mrs.
Annie Griffin, who was a school teacher and
a trained nurse, was living in Colgate, Okl.
He had arranged with his said sister-in-law
to come to Temple and nurse his wife, who
was expected to be confined in childbirth,
upon his notifying her and wiring her money
for expenses. On December 8, 1910, appel-
lee deposited in appellant's office at Temple
$10 and sent the following telegram to his
sister-in-law at Colgate: "Am wiring ten
dollars. Come to Mollie Cooper's, Temple,
at once." Appellee and his wife were board-
ing at Mollie Cooper's. At the time of the
delivery of said telegram appellee paid ap-
pellant's agent $1.12 for transmitting the
same, and informed said agent of the agree-
ment between plaintiff and the said Annie
Griffin and the facts and circumstances re-
quiring the speedy transmission and delivery
of said telegram and money. Said telegram
was promptly delivered, but upon inquiry for
the money on that day, and on the 9th, 10th,
and 11th of December, Annie Griffin was in-
formed by appellant's agent at Colgate that
no money had been sent to her. On the
11th of December, she borrowed at Colgate

a sufficient amount of money to pay her ex-
penses and came to Temple, arriving there
at 2 o'clock in the morning of December
12th. In the meantime appellee's wife had
been confined, and he had employed Mollie
Cooper, who was a trained nurse, to take
charge of the case until his wife should get
well, she being the only colored trained nurse
in Temple, and refusing to take the case
upon any other terms. She remained in at-
tendance as such nurse for eight weeks at
an agreed salary of $25 per week and board,
which he alleges was worth $7.50 per week,
and brings this suit for $261.12, the amount
agreed to be paid Mollie Cooper, the amount
of said board, and the $1.12 paid for said
telegram. The said Annie Griffin had ar-
ranged with the trustees of her school at
Colgate to dismiss said school until the
1st of the following January, and did dis-
miss said school until that time, and she re-
mained at Temple with her sister until De-
cember 28th, when she returned to Colgate
to take charge of her school. The court gave
judgment for $201.12, disallowing said claim
for board, upon the ground that, had plain-
tiff secured the services of Annie Griffin, he
would have been compelled to board her.
The agreement with said Annie Griffin was
that she was not to charge anything for her
services, and she would have taken charge
of said case without pay from the time that
she could have arrived had said money been
promptly delivered, to wit, on December 10th,
and would have remained in charge until
December 28th, at which time she would
have returned to Colgate as she did.

### Opinion.

Under the undisputed facts of this case,
as above set out, appellee was not entitled to
a judgment for more than three weeks at
$25 per week, as, had said telegram been de-
livered, this was the extent of the services
that he would have obtained from his sister-
in-law, Annie Griffin, and, had it been neces-
sary to have employed a trained nurse there-
after, such necessity would not have arisen
from the failure of said Annie Griffin to re-
ceive said money, for which reason we hold
that said judgment was excessive to the ex-
tent of $125. If the appellee herein shall
remit that amount within 10 days from the
date hereof, the judgment will be reformed,
and rendered in his favor for $76.12; other-
wise it will be reversed and remanded.

The appellee having remitted the sum of
$125, the judgment in this case is here re-
formed and rendered in accordance with the
foregoing opinion.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes