(76 South. 985)

WESTERN UNION TELEGRAPH CO. v. BOWEN. (6 Div. 281.)

(Court of Appeals of Alabama. Nov. 13, 1917.)

1. ACTION ON THE CASE ☞1 — BREACH OF DUTY GROWING OUT OF CONTRACT.

Action on the case will lie for a breach of duty growing out of contract, although the contract does not relate to a business affected with a public interest.

2. ACTION ☞27(1)—NATURE—CONTRACT—ALLEGATION OF NEGLIGENCE.

If it is clear from the complaint that it declares as for a breach of contract that negligence is alleged does not change the character of the action.

3. TELEGRAPHS AND TELEPHONES ☞47—TELEGRAPHIC MONEY ORDER — FAILURE TO DELIVER.

If defendant undertook by telegraphic communication to promptly pay or cause to be paid to plaintiff's wife a certain sum of money deposited with it, and negligently failed to do so, it would be liable, although it did not maintain a line of telegraph between the point of receiving and destination, and was not engaged in the business of transmitting telegraphic money orders.

4. PLEADING ☞193(8) — DEMURRER — NONRECOVERABLE DAMAGES.

If, in addition to recoverable damages, plaintiff's complaint claimed nonrecoverable damages, demurrer was not the proper method of purging the complaint of such claim.

5. PLEADING ☞67 — NEGATIVING EXCEPTIONS.

Where by the contract laid in the complaint defendant undertook to pay, or caused money telegraphed to be paid to, plaintiff's wife, the complaint was subject to demurrer for failure to negative that defendant caused the money to be paid.

6. APPEAL AND ERROR ☞193(9) — MATTERS NOT REACHED BY DEMURRER—EXTENT OF REVIEW.

Plaintiff's complaint alleging that defendant expressly undertook for a consideration paid to use due diligence by telegraphic communication to promptly pay or cause to be paid a certain sum of money to plaintiff's wife at a certain station, and that it became and was defendant's duty to do so, but, notwithstanding said duty, defendant failed to pay said money for a long time, and as a proximate consequence thereof plaintiff was put to great trouble, inconvenience, and expense in or about the continued stay of his wife, daughter, and sons, and in and about their continued absence from home, etc., was not subject to the objection that it did not state a substantial cause of action, and would not sustain the judgment, where defendant's demurrer did not reach failure to negative that defendant caused the money to be paid, in view of Code 1907, § 4143, providing that no judgment shall be set aside for any matter not previously objected to if the complaint contains a substantial cause of action.

7. TELEGRAPHS AND TELEPHONES ☞57 — FAILURE TO TRANSFER MESSAGE—LIABILITY —DEFAULT OF CONNECTING CARRIER.

Where defendant telegraph company undertook for a consideration to promptly pay by telegraphic communication certain money to plaintiff's wife, defaults of connecting lines would not relieve defendant from liability.

8. TELEGRAPHS AND TELEPHONES ☞68(5) — FAILURE TO DELIVER MESSAGE — RECOVERY FOR MENTAL ANGUISH.

Damages for mental anguish is recoverable, where the communication is between husband and wife, and relates to serious illness of their daughter, if the telegraph company is given notice by the contents of the message or otherwise of the conditions out of which such damages are likely to arise.

9. TELEGRAPHS AND TELEPHONES ☞65(2) — FAILURE TO DELIVER MESSAGE — SPECIAL DAMAGE—PLEADING.

Where the contents of the message does not give notice of conditions out of which special damages for mental anguish may arise, as a predicate for recovery of such damages, there must be appropriate averments showing notice to defendant telegraph company of the circumstances surrounding the parties.

10. APPEAL AND ERROR ☞1170(5) — DEFECTIVE PLEADINGS—REVERSAL.

Although the evidence showed that defendant telegraph company had knowledge of the circumstances surrounding the sending of a message, where there was an absence of appropriate averments in the complaint imputing such notice, defendant was not in default in failing to produce witnesses to meet plaintiff's testimony with reference thereto, and rule 45 (175 Ala. xxi, 61 South. ix), as to reversal of judgment only for error affecting special rights of parties, should not be applied.

11. TELEGRAPHS AND TELEPHONES ☞74(5) — PUNITIVE DAMAGES—INSTRUCTIONS.

In action for damages for failure to deliver to plaintiff's wife money sent through defendant telegraph company, special charge given at plaintiff's request to the effect that mental pain and suffering, inconvenience, and annoyance are not physical pain, in the sense used by the court, and damages for none of these things are punitive damages, but are compensatory, while abstract, was not erroneous.

Appeal from City Court of Birmingham; Charles W. Ferguson, Judge.

Action by W. E. Bowen against the Western Union Telegraph Company for damages for a failure to deliver to Bowen's wife money sent her by him through the medium of the telegraph company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The facts sufficiently appear. The following charge was given for plaintiff:

"The court has charged you that you cannot assess any damages for physical pain or any

---

punitive damages. The court further charges you that mental pain and suffering, inconvenience, and annoyance are not physical pain in the sense used by the court, and damages for none of these things are punitive damages, but are compensatory."

The following charges were refused to defendant:

(7) "If you believe the evidence, you cannot assess any damages in favor of plaintiff for or on account of worry alleged to have been sustained as suffered by plaintiff."

(8) Same as 7, except it uses the word "harassment," instead of the word "worry."

(9) Same as 7, except that it uses the word "annoyance," instead of "worry."

(10) "You cannot assess any damages in favor of plaintiff for or on account of mental pain and anguish alleged to have been suffered by plaintiff."

(12) Same as 10, except it uses the word "trouble," instead of "mental pain and anguish."

(13) Same as 10, except that it uses the word "inconvenience," instead of "mental pain and anguish."

Forney Johnston and W. R. C. Cocke, both of Birmingham, for appellant. Harsh, Harsh & Harsh, of Birmingham, for appellee.

BROWN, P. J. The court directed a verdict for the defendant under the second count of the complaint, and submitted the case to the jury under the first count.

The gravamen of the first count is the failure of the defendant to promptly pay the alleged sum of money to plaintiff's wife, in accordance with the alleged contract between the parties, whereby it expressly undertook, for a consideration paid by the plaintiff, "to use due diligence by telegraphic communication to promptly pay or cause to be paid said sum of $15 to said Mrs. W. E. Bowen at said Citronelle," the complaint alleging:

"And it became and was defendant's duty to do so, but notwithstanding said duty defendant failed to pay said sum of money to plaintiff's said wife for a long time, to wit, for two days, and as a proximate consequence thereof, plaintiff was greatly worried, harassed, vexed, and annoyed, and suffered great mental and physical pain and anguish, and was put to great trouble, inconvenience, and expense in or about the continued stay of his said wife, daughter, and sons at said Citronelle, and in and about their continued absence from home, and plaintiff lost the said amount paid as hire or reward, to wit, 66 cents. Plaintiff avers that defendant negligently conducted itself in and about paying said money to plaintiff's said wife on the occasion aforesaid, and as a proximate consequence of said negligence the said payment to said wife was delayed as aforesaid, and plaintiff suffered injuries and damage as a proximate consequence thereof."

[1] It is a mistaken idea that an action on the case will not lie for a breach of duty growing out of contract unless the contract relates to a business affected with public interest. The leading case cited by appellant uses, among others, this illustration:

"Take * * * the contract of a carpenter to repair a house, partly decayed or otherwise defective. The implications of the contract are that he will bring to the service reasonable skill, good faith, and diligence. If he fail to do the work, or leave it incomplete, the remedy, and the only remedy against him, is ex contractu. Suppose, in the attempted performance, he, by his want of skill or care, destroys, damages, or needlessly wastes the materials furnished him by the hirer; or suppose that in making the needed repairs, he did it so unskillfully as to damage other portions of the house; this is tort, for which the contract furnishes the occasion. The contract is a mere inducement, and the action is on the case." Mobile Life Ins. Co. v. Randall, 74 Ala. 170.

A striking analogy to the case in hand is found in the illustration used in Wilkinson v. Moseley, 18 Ala. 288, where it was said:

"It is often a matter of difficulty to determine whether an action is in form ex contractu or ex delicto. Perhaps the best criterion is this: If the cause of action as stated in the declaration arises from a breach of promise, the action is ex contractu, but if the cause of action arises from a breach of duty, growing out of the contract, it is in form ex delicto and case. For instance, if the declaration alleges the hiring of a horse to ride to a certain place, and that the defendant rode him so immoderately that he died, this would be case; for the contract of hiring imposed upon him the duty to ride in reason, or not unreasonably fast; but if the declaration alleges the hiring, and that he promised to ride with reasonable speed, but not regarding his promise, he rode the horse immoderately, whereby he died, the action would be considered assumpsit."

The Supreme Court, referring to and using this illustration in Mobile Life Ins. Co. v. Randall, supra, after quoting the above, remarked:

"We do not doubt that assumpsit would lie in the case last supposed, but case would lie also." 74 Ala. 176.

[2] If it is clear from the whole complaint that it declares as for a breach of the contract, the mere fact that negligence is alleged does not change the character of the action. 1 Corpus Juris, p. 1022, § 144 (C).

[3] If the defendant for a reward expressly undertook to use due diligence by telegraphic communication to promptly pay or cause to be paid to plaintiff's wife a certain sum of money deposited with it, and negligently failed to accomplish this result, as averred in the complaint, it would be liable, whether it maintained a line of telegraph between Birmingham and Citronelle or was engaged in the business of transmitting telegraphic money orders or not, the defendant's obligation and duty springing out of the contract between the parties. W. U. T. Co. v. Hicks, 197 Ala. 81, 72 South. 356; Joyce on Electric Law, §§ 763, 980a.

[4] It is not important on this appeal whether the first count declares on a cause of action ex contractu or ex delicto. It shows a loss of the toll paid by the plaintiff for the service the defendant undertook to perform, and other recoverable damages, such as extra expense incident to maintaining plaintiff's wife and children at Citronelle, and the loss of their society, resulting from the alleged default of the defendant, and if in addition to such recoverable damages it claimed nonrecoverable damages, demurrer was not the proper method of purging it of such claim. W. U. T. Co. v. Westmoreland, 150 Ala. 654, 43 South. 790.

[5, 6] By the contract laid in the complaint, the defendant undertook to pay or cause the money to be paid to the plaintiff's wife, and the complaint was subject to demurrer for failing to negative that the defendant caused the money to be paid. However, the demurrer does not reach this defect, and the complaint, though subject to demurrer, is not subject to the objection urged in argument that it does not state a substantial cause of action, and will not sustain the judgment of the court. American Bonding Co. v. Mexican Whiting Co., 11 Ala. App. 587, 66 South. 847; Ex parte State v. Collins, 200 Ala. 503, 76 South. 445; Code 1907, § 4143.

[7] Defaults of the defendant and negligence of its servants are not within the contemplation of the condition of the contract set up in the defendant's special plea 3. This condition manifestly covers the defaults of agencies and instrumentalities "beyond its own lines," and is designed to save the telegraph company from liability under the contract because of the defaults of connecting lines and agencies and the negligence of their servants, and the plaintiff's demurrer was properly sustained.

In a well-defined class of cases for breach of contract, relating to the transmission of telegraphic messages between "persons of a close degree of relationship and relating to exceptional events such as sickness or death, or between persons so related that a failure to deliver the message obviously comprehended mental distress and anguish," damages for mental anguish have been held to be within the contemplation of the parties and recoverable. Birmingham Waterworks Co. v. Ferguson, 164 Ala. 494, 51 South. 150; W. U. T. Co. v. Westmoreland, 151 Ala. 319, 44 South. 382; W. U. T. Co. v. Crumpton, 138 Ala. 632, 36 South. 517; W. U. T. Co. v. Hill, 163 Ala. 181, 50 South. 248, 23 L. R. A. (N. S.) 648, 19 Ann. Cas. 1058; W. U. T. Co. v. Crowley, 158 Ala. 583, 48 South. 381. And the doctrine embraces damages for prolongation of mental anguish arising from other causes that would be allayed or prevented by prompt delivery of the message. Middleton v. W. U. T. Co., 183 Ala. 213, 62 South. 744, 49 L. R. A. (N. S.) 305; Postal Telegraph Co. v. Beal, 159 Ala. 249, 48 South. 676. And a recovery of such damages has been allowed for failure to transmit money by telegraphic money order where a close degree of relationship existed and the message related to death. Cumberland Telephone & Telegraph Company v. Quigley, 129 Ky. 788, 112 S. W. 897, 19 L. R. A. (N. S.) 575; W. U. T. Co. v. Simpson, 73 Tex. 422, 11 S. W. 385, and other cases; Barnes v. W. U. T. Co., 27 Nev. 438, 76 Pac. 931, 65 L. R. A. 666, 103 Am. St. Rep. 776, 1 Ann. Cas. 346; W. U. T. Co. v. Ulmer (Tex. Civ. App.) 152 S. W. 528, 5 Neg. & Com. Cases, 340.

[8, 9] No good reason occurs to us for denying the right to recover such damages suffered in cases of the character here presented, where the communication is between husband and wife, and relates to the serious illness of their daughter, if the telegraph company is given notice by the contents of the message or otherwise of the conditions out of which such damages are likely to arise. If the contents of the message do not impart such notice, as a predicate for the recovery of such damages, appropriate averments showing notice to the defendant of the circumstances surrounding the parties should be made. The reason sustaining this rule is that such damages do not necessarily follow such default and are not recoverable unless the defendant contracted with reference to the special circumstances and conditions of the parties to whom the message related. And the purpose of this rule is that the defendant may be advised of the case he is expected to meet and to prevent surprise. Baxley v. Tallassee-Montgomery R. R. Co., 128 Ala. 183, 29 South. 451; Middleton v. W. U. T. Co., supra; Pilcher v. C. of Ga., 155 Ala. 316, 46 South. 765; Donnell v. Jones, 13 Ala. 490, 48 Am. Dec. 59; Pollock v. Gnatt, 69 Ala. 373, 44 Am. Rep. 519; 8 R. C. L. 157, 13 Cyc. 179 (B).

[10] The appellee insists that in view of the undisputed evidence showing that the defendant had notice of the special circumstances from which such damages were likely to arise, in case of default on its part, that the failure of the complaint to aver notice has worked appellant no injury, and that this is a proper case for the application of rule 45 (175 Ala. xxi, 61 South. ix).

We do not think the rule should be applied here for the reason that while the testimony of the plaintiff's witness Booth as to the circumstances attending the sending of the message carrying notice to the defendant of the special circumstances attending those to whom the message related is not disputed, except inferentially, this witness positively testifies that the agent of the defendant with whom the message was filed was a young woman, and that the conversation with reference to the condition of plaintiff's daughter was with this young woman. On the other hand, the witness Majors, defendant's cashier, testified that the transaction was with a man by the name of Lowe, a "counter clerk" working under the witness, and the witness further testified that the receipt adduced by the plaintiff is in the handwriting of Lowe. Lowe was not examined as a witness, nor was the woman described by the witness Booth produced and examined. In the absence of appropriate averments in the complaint imputing notice to defendant it was not in default in failing to produce these witnesses to meet plaintiff's testimony. There is no evidence that plaintiff made any effort to meet his wife and children at the station on the arrival of the train from Citronelle, or that he otherwise suffered inconvenience.

The exceptions to the oral charge of the

court authorizing the jury to assess damages for mental anguish on the case made by the complaint, as well as the exceptions to those excerpts authorizing a recovery of damages for inconvenience, harassment, and annoyance, in the absence of any evidence showing that the plaintiff suffered such harassment or annoyance, are well taken and are sustained.

For like reasons, the court erred in refusing charges 7, 8, 9, 10, 12, and 13.

[11] The other special charges were refused without error and the special charge given at the plaintiff's request, while abstract, was not erroneous.

Reversed and remanded.