WESTERN UNION TELEGRAPH CO. v. BOWEN 409

WESTERN UNION TELEGRAPH CO. v. BOWEN. (6 Div. 887.)

(Supreme Court of Alabama. Oct. 23, 1919.)

1. TELEGRAPHS AND TELEPHONES ☞47—CONSTRUCTION OF CONTRACT FOR SENDING MONEY AS TO EMPLOYMENT OF OTHER AGENCIES.

A paragraph of an order for sending money by telegraph, providing that, "when the company has no office at destination authorized to pay money, it shall not be liable for any default beyond its own lines, but shall be the agent of the sender, without liability, and without further notice, to contract on the sender's behalf with any * * * bank or other medium for the transmission and final payment of this order," bound the parties, and did not refer to the absence of an ordinary telegraph office, but to one without authority to pay money, and in such case authorized the transmission of the money through banks which were constituted sender's agent, and for whose negligence the telegraph company would not be liable.

2. TELEGRAPHS AND TELEPHONES ☞47—FOR TRANSMISSION OF MONEY BY WIRE COMPANY MAY DETERMINE WHICH SHALL BE MONEY ORDER OFFICES.

A telegraph company may reasonably and validly stipulate, in an agreement for transmitting money by wire, that, if sent to a place where the company has no agency authorized to pay money, the company may employ a bank as the agent of the sender, and will not be responsible beyond its lines or for the bank's neglect, and the company may in the regular course of its business determine which of its offices will constitute money order offices with reference to such contracts.

3. TELEGRAPHS AND TELEPHONES ☞47—LIABILITY FOR NEGLIGENCE OF AGENT FOR SENDER OF MONEY BY WIRE.

Under a contract for transmission of money by wire, providing that the company shall not be liable beyond its lines, and authorizing it to employ banks as the sender's agents, where the

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

company did not have a money order office, the company was only liable for a culpable failure diligently to exercise as sender's agent the authority to employ a suitable bank, as a further medium to execute a final payment, and any default of the bank is not chargeable to the company.

Somerville, Gardner, and Thomas, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; Charles W. Ferguson, Judge.

Action by W. E. Bowen against the Western Union Telegraph Company for damages for failure to pay over money telegraphed. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

The amended first count is as follows:

The plaintiff claimed of the defendant $2,000 as damages, for that heretofore, to wit, on the 20th day of November, 1915, defendant was engaged in the business of transmitting telegraphic messages by wire for hire and reward; that on said day plaintiff's wife and minor son and invalid daughter, members of plaintiff's family, were at a point in Alabama, to wit, Citronelle, and plaintiff was in Birmingham, in which city of Birmingham plaintiff resided with his family; that plaintiff, desiring that the said members of his family should immediately come home to said Birmingham from said Citronelle, and being aware that they did not have sufficient funds, delivered to defendant at said Birmingham on said day a sum of money, to wit, $15, which defendant received at said Birmingham and agreed for hire, to wit, 66 cents paid to the defendant by the plaintiff, to use due diligence by telegraphic communications to promptly pay or caused to be paid said sum of $15 to said Mrs. W. E. Bowen at Citronelle, Alabama, and it became and was defendant's duty to do so; but, notwithstanding said duty, defendant failed to pay or cause to be paid said sum of money to plaintiff's wife for a long time, to wit, two days, and as a proximate consequence thereof plaintiff was greatly worried, harassed, vexed, and annoyed, and suffered great mental anguish and physical pain, and was put to great trouble, inconvenience, and expense in or about the continued stay of his said wife, daughter, and son at Citronelle, and in or about their continued absence from home, and plaintiff lost the said money paid defendant as hire and reward, to wit, 66 cents.

Plaintiff avers that defendant negligently conducted itself in and about paying said money to plaintiff's said wife on the occasion aforesaid, and as a proximate consequence of said negligence the said payment to said wife was delayed as aforesaid, and plaintiff suffered said injuries and damage as a proximate consequence thereof. The plaintiff further avers that, at or before the time the defendant agreed, as aforesaid, the defendant had notice that the purpose of the plaintiff in causing said money to be transmitted by telegraph was that he had an invalid daughter at said Citronelle, and desired that she be quickly brought home, and that if said money was not promptly delivered plaintiff would likely suffer damages of the character claimed in the complaint.

Plea 3 is as follows:

For further plea in this behalf to the complaint as amended, and to each count thereof, separately and severally, defendant avers that on, to wit, the 20th day of November, 1915, defendant received from the plaintiff the sum of $15 mentioned in the complaint, under the conditions shown by the following contract between the plaintiff and the defendant, which was duly signed by the plaintiff, to wit:

"The Western Union Telegraph Company: Subject to the conditions below, pay to Mrs. W. E. Bowen, Citronelle, Alabama, Fifteen & no/$100$ Dollars. [Signature] W. E. Bowen, Address 2113 1st Ave., Birmingham.

"When the company has no office at destination authorized to pay money, it shall not be liable for any default beyond its own lines, but shall be the agent of the sender, without liability, and without further notice, to contract on the sender's behalf with any other telegraph or cable line, bank or other medium, for the further transmission and final payment of this order.

"C—As the above-named payee may not be able to produce positive evidence of personal identity, I hereby authorize and direct the Western Union Telegraph Company to pay the sum named in this order, at my risk, to such person as the telegraph company's agent believes to be the above-named payee. [Signature] W. E. Bowen."

Defendant avers that at Citronelle, Alabama, the destination of the said fifteen dollars ($15), defendant had no office authorized to pay money; that defendant contracted, on the sender's behalf, with a bank, to wit, the First National Bank at Mobile, Alabama, for the delivery of said sum of money to the plaintiff's wife; that such contract was made by the defendant with said bank with reasonable promptness after defendant and plaintiff entered into the contract at Birmingham.

Wherefore defendant says that the delay in the delivery of said sum to the plaintiff's wife was a delay upon the part of said First National Bank of Mobile, and its agent, the First National Bank of Citronelle; and defendant prays the judgment of this court whether the plaintiff can or ought to maintain this action.

Forney Johnston and W. R. C. Cocke, both of Birmingham (Albert T. Benedict and Francis R. Stark, of counsel), for appellant. Counsel insist that the sole remedy was ex contractu, and that the suit, being ex delicto as for the breach of a public duty, cannot be maintained, and cite authorities in support thereof. They insist that plea 3 was not subject to demurrer, and in support thereof cite the following authorities: 37 Cyc. 1692; 2 Joyce on Electricity, 1244; Southern Express Co. v. Saks, 160 Ala. 621, 49 South. 392; Walter v. A. G. S. R. R. Co., 142 Ala. 474, 39 South. 87; Southern Railway Co. v. Goldstein Brothers, 146 Ala. 386, 41 South. 173; 4 Rul-

ing Case Law, 891; Southern Railway Co. v. Barclay, 1 Ala. App. 348, 56 South. 26; S. & N. Ala. R. R. Co. v. Wood, 66 Ala. 167, 41 Am. Rep. 749; McGehee v. Western Union Tel. Co., 169 Ala. 109, 53 South. 205, Ann. Cas. 1912B, 512; W. U. Tel. Co. v. Emerson, 161 Ala. 221, 49 South. 820; Robinson v. W. U. Tel. Co., 68 S. W. 656, 57 L. R. A. 611; W. U. Tel. Co. v. Prevatt, 149 Ala. 617, 43 South. 106; Lehue v. W. U. Tel. Co., 175 N. C. 561, 96 S. E. 29; W. U. Tel. Co. v. Way, 83 Ala. 542, 4 South. 844.

Harsh, Harsh & Harsh, of Birmingham, and W. J. Slaughter, for appellee. Counsel also discuss the character of action and insist that it was proper, and cite authorities thereto. They insist that there were no errors in plea 3, and cite the following authorities: 2 Joyce, Electrical Law, §§ 763–980a; W. U. Tel. Co. v. Hicks, 197 Ala. 81, 72 South. 356; B. R. L. & P. Co. v. Littleton, 201 Ala. 141, 77 South. 565; Pullman Car Co. v. Meyer, 195 Ala. 397, 70 South. 763; W. U. Tel. Co. v. Bowen, 76 South. 986; Lehue v. W. U. Tel. Co., 175 N. C. 561, 96 S. E. 29; 2 Corpus Juris, 461; 21 Ruling Case Law, 481; 21, 99, 102, 111, and 854.

McCLELLAN, J. The report of the former appeal of this cause, to the Court of Appeals, will be found in 76 South. 985.[1] The report of the appeal will contain the amended first count.

The defendant interposed, besides the general issue, pleas 3 and 5 to the amended first count of the complaint, charging that the defendant (appellant) agreed, for a reward paid, to use due diligence promptly to pay or cause to be paid to plaintiff's wife at Citronelle, Ala., the sum of $15; that, notwithstanding the duty thus assumed, the defendant failed to pay or cause to be paid the said sum for a long time, to wit, two days; and that negligence characterized the failure of the defendant to observe its stated duty in either paying the money to plaintiff's wife or in causing the money to be paid to her. The report of the appeal will reproduce plea 3. Plea 5 would assert the like manner of defense.

As appears, the amended first count attributes negligence to the defendant with respect either to the averred duty promptly to pay the money to plaintiff's wife, or promptly to cause the money to be paid to her. It is manifest that the alternative thus alleged imported a breach, by the defendant, of the duty arising from its obligation promptly to pay the money to plaintiff's wife, or a breach arising from the assumption by defendant of the obligation to secure some other agency or person promptly to pay the money to plaintiff's wife. The present necessities of the case do not require a consideration of the sufficiency of the amended first count, as upon the demurrer thereto, nor an ascertainment of the effect of the phrase "to use due diligence by telegraphic communication" upon the scope and consequent obligation of the duty alternatively averred in the amended first count.

[1] With respect to the sufficiency of plea 3, the controlling inquiry is the effect of this paragraph of the order:

"When the company has no office at destination authorized to pay money, it shall not be liable for any default beyond its own lines, but shall be the agent of the sender, without liability, and without further notice, to contract on the sender's behalf with any other telegraph or cable line, bank or other medium for the transmission and final payment of this order."

The contract is to be construed as a whole. The intent is, of course, to control. All of its provisions must, if fairly possible, be accorded some effect and perform some office. It is not to be supposed that a distinct expression of purpose was intended to be neutralized by another provision, especially where the term or provision supposed to be opposed is not as clear and positive in its design or effect as is the provision it is supposed to render impotent. In any event, it is the judicial duty, in the construction of a writing, to harmonize apparent contradictions, if, indeed, the presence of conflicting expressions is, in fact, disclosed by the writing. 6 R. C. L. pp. 835–838.

It is plain from the terms employed that, if the company had no office at destination authorized to pay money, special engagements were desirable and applicable, and bound the parties. This feature is not predicated of the absence of an ordinary telegraph office, but of a telegraph office with authority to pay money. Where an office with that authority did not exist at the place to which the money was to be, in a sense, transmitted, the condition to the application of the other provisions of the quoted paragraph was present. According to this stipulation, the absence at destination of a telegraph office authorized to pay money clothed the company with a measure of exemption from liability from defaults intervening "beyond its own lines"—from defaults that, if occurring, would be those of the sender's (not the company's) agents or agencies, to engage, to contract for which, "on the sender's behalf," the company was empowered. The stipulated exemption from liability was limited to defaults intervening "beyond its own lines." These words, "beyond its own lines," were not intended to do more than define the stage, in the process of transmitting the money, at which the exemption from liability should begin. For defaults in respect of its duty to contribute to the payment of the money by the use of the company's wires the exemption

[1] 16 Ala. App. 253.

from liability was not assured. They were not intended to neutralize the condition (the absence of a telegraph office authorized to pay money) upon which the company was empowered, expressly, to exercise reasonable diligence and care to effect the final payment of the order through the means of agents or agencies engaged by the company, as agent for the sender, "on the sender's behalf." The authority thus conditionally conferred upon the company did not specifically obligate the company to communicate telegraphically with, or to transmit the money to, a telegraph office that was not authorized to pay money. The employment, without negligence, of the company lines to transmit the money with due diligence was contemplated; and to this service and diligence the allusion, in the quoted paragraph, to "its own lines," must be referred. To accord this phrase any other effect would result in neutralizing, without warrant, the stipulation with respect to the absence, at destination, of a telegraph office authorized to pay money, and enforce the unsound conclusion that the exemption provided could not avail if the company maintained at destination a telegraph office that was not authorized to pay money.

[2] Construing the same stipulation, it was said in Lehue v. W. U. Tel. Co., 175 N. C. 561, 563, 96 S. E. 29, 30:

"The stipulation printed in the money order application signed by the husband contains a distinct provision that, if the place at which the money was to be paid was not a money order office, then the company should be allowed to employ a bank to make the ultimate payment, and that the company would not be liable for the acts or neglect of the bank. The bank was made the agent of the sender for the further transmission of the money beyond the defendant's money order offices."

That a telegraph company may validly stipulate, in respect of this character of service, upon the condition and as the quoted paragraph provided, is not a matter of doubt, the stipulation being reasonable. Lehue v. W. U. Tel. Co., supra. Such a company may, in the regular course of its business, determine which of its offices it will constitute money order offices, and with reference to that fact contract as the quoted paragraph stipulates.

[3] Plea 3 sought to avail of the exemption from liability provided in the quoted paragraph. According those stipulations their appropriate legal effect, this plea was not subject to the demurrer. It averred that Citronelle, the point of destination, was not a telegraph office authorized to pay money, and that with reasonable promptness the company engaged a bank in Mobile, as plaintiff's agent, to transmit the money to plaintiff's wife. The plea presented a full answer to both alternatives of the amended first count.

If, as the plea asserting the stipulation alleges, the defendant with due promptness and diligence performed its duty with respect to tne telegraphic communication of the money order, the defendant could, under the stipulation, be held liable only for a culpable failure diligently to exercise, as the agent of the sender, the authority to employ for the sender a further medium to effect the final payment of the order; any default or dereliction on the part of the medium properly engaged by the company being attributable to the thus secured agent of the sender, for the dereliction of which the defendant could not be held responsible. The court, therefore, erred in sustaining the demurrer to plea 3.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SAYRE, JJ., concur.

SOMERVILLE, GARDNER, and THOMAS, JJ., dissent.