YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* FISHER BROS.

[59 South. 877.]

1. APPEAL AND ERROR. *Harmless error. Election between counts. Time. Carriers. Failure to furnish cars. Damages.*

Where in a suit against a railroad company for damages sustained by reason of the failure of the company to furnish railroad cars after being duly notified, the first count was for the delayage charge of one dollar per day provided by the rules of the railroad commission and the second count was for actual damages by reason of the delay in furnishing the cars. It was not error for the court to refuse to compel the plaintiff, when he had rested his case, to elect on which count of the declaration he would proceed, where the court after all the evidence was closed, compelled such election, and only one issue was presented to the jury and the testimony was such as might be considered under either count.

2. CARRIERS.   *Failure to furnish cars.   Damages.*

> The fixing of delayage charges by a rule of the railroad commission does not deprive the shipper of his right to damages under the common law, which he has sustained by reason of the railroad company's failure to comply with the reasonable requirements of this rule and also its duty as a common carrier in furnishing cars upon request.

3. SAME.

> The cardinal principle in reference to damages, is that the party in default shall make full and complete satisfaction.

APPEAL from the circuit court of Yazoo county.

HON. W. A. HENRY, Judge.

Suit by Fisher Bros. against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Barnett & Perrin,* for appellant.

Even if the defendant was not entitled to a peremptory instruction so far as the special damages claimed were concerned, grievous error was committed by the court in giving the instructions asked in behalf of the plaintiffs. This is peculiarly true with regard to the first instruction. The court will note that plaintiffs had finally, after the law of the case had been virtually settled, been required to elect as to whether they would prosecute their case under the rules of the railroad commission with regard to delayage, or for special damages. That at this stage of the trial which was manifestly unfair to the defendant, the plaintiffs elected to proceed under the count for special damages and abandoned the count under the demurrage, and delayage rules. Notwithstanding this fact the court, in the first instruction given the plaintiffs, virtually charged the jury peremptorily that defendant was liable for the special damages because it had not furnished the cars in accordance with said rules. Now note that the rules provide their

own measure of damages, and note further that plaintiffs had elected to prosecute, not under the rules, he did not claim the damages provided for a dereliction under said rules, but invoked said rules and claimed special damages not contemplated by said rules. The statement of this proposition is its own answer and irreparable injury was necessarily done the defendant by the giving of this anomalous instruction. The effect of the ruling of the court was that plaintiffs could not recover for violation of these rules and special damages at the same time, yet instructed the jury that if defendant violated the rules, although they provided for their own remedy, the plaintiffs could recover on another and different ground never contemplated by said rules. In other words plaintiffs could not recover the damages provided by said rules, but because said rules had been violated, plaintiffs could recover a different amount, never contemplated by said rules. Surely such a proposition was never seriously considered in a court of justice! In conclusion we submit that the whole case is bristling with errors; that defendant should have had a peremptory instruction as to the special damages; and that the general conduct of the case shows that the defendant was deprived of that fair and impartial trial guaranteed under the laws of the state. We refer the court to the following authorities: *Railroad Co.* v. *Ragsdale,* 46 Miss. 458; *American Express Co.* v. *Jennings,* 86 Miss. 329; *Davidson Development Co.* v. *So. Ry. Co.,* 61 S. E. 381; *McKervall* v. *Atlantic Coast Line,* 56 S. E. 965.

*Barbour & Henry,* for appellee.

We do not suppose there is much question of doubt as to the right of the plaintiff to sue and recover on the second count of the declaration, which is entirely independent of the rules of the railroad commission. This was practically conceded by the railroad company when the motion was made to require the plaintiffs to elect,

for if they had no right to recover any damages except those as outlined in the railroad rules, it was not proper to force them to elect. We hold, therefore, that the proper result was reached, and that part of the counsel's brief, which charges as error the instruction as to the actual damages granted to the plaintiffs, which refers to the railroad rules, on the ground that the rules are eliminated from consideration, is therefore not sound. And the main question for this court to determine is whether the plaintiff has the right to recover the actual damages assessed by the jury on account of the negligent failure of the railroad company to fulfill its implied contract and deliver the cars as requested. Counsel for the appellant relied upon the case of the *American Express Company* v. *Jennings,* 86 Miss. 392. In our opinion, this case has no application to the case at bar, and the rule governing the case at bar is that set out in the case of *C. & M. Railroad Co.* v. *Ragsdale,* 46 Miss. 459, as follows:

"It is not possible to declare a fixed rule for assessing damages for many contracts. This much may be accepted as well settled: 1st. The proximate and natural consequences of the breach must always be considered; 2d. Such consequences as, from the nature and subject-matter of the contract, may be reasonably deemed to have been in the contemplation of the parties, at the time it was entered into; 3d. Damages, which may fairly be supposed not to have been the necessary and natural sequence of the breach, shall not be recovered, unless by the terms of the agreement, or by direct notice they are brought within the expectation of the parties."

The case at bar should be affirmed, because it falls under both the second and the third principle set out above. We say, first, that the railroad company not only had express notice of the damages that might ensue, but, second, these damages necessarily and naturally flowed from the breach of the sort committed.

REED, J., delivered the opinion of the court.

Appellees brought suit against appellant for damages sustained by reason of the failure of appellant to furnish railroad cars after being duly requested. The first count was for the delayage charge of one dollar per day provided in rule 9 of the Mississippi Railroad Commission, fixed on June 8, 1904; the second count was for actual damages by reason of the delay in furnishing the cars. The fourth plea filed by appellant presented the defense that the railroad commission, in fixing the delayage charge of one dollar per day on each car not furnished, provided an exclusive remedy, and that no other compensation could be claimed in such cases. The court sustained a demurrer to this plea.

After appellees had rested their case, appellant moved the court to compel appellees to elect whether they would claim under the delayage rule or for actual damages. Appellees refused to elect, and the court would not compel them to do so at that time. Appellant renewed the motion to compel appellees to elect when appellant had introduced all of its testimony. The court, when the instructions had been presented for approval, and the first two instructions given for appellees, refused to give appellees' instruction touching the right to recover the delayage, and thereby required appellees to elect, which appellees had practically done in presenting their first two instructions, relative to their right to recover actual or special damages sustained in the case. Appellant complains of the trial court for refusing to require appellees to make an election of one of the two claims for damages presented in the declaration at an earlier stage of the trial of the case.

A careful review of the proceedings in this case presented by the record does not convince us that appellant was in any way injured, or that a fair trial of its case was interfered with, by reason of the delay by the court in requiring the election in this case. Only one issue was

presented to the jury when the case was given to them. The testimony introduced was such as might be properly considered upon the trial of an issue made up from either count of the declaration. It is true that the railroad commission has provided an amount which should be paid as delayage charges to the shipper, when the railroad company fails to comply with the requirements relative to the furnishing of cars. We do not discuss this rule, because it has been fully approved by this court in former decisions, and it is decided to be neither unreasonable nor in any way violative of the Constitution of the state.

The fixing of the delayage charges in this rule, however, will not deprive the shipper of his right to damages under the common law, which he has sustained by reason of the railroad company's failure to comply with the reasonable requirements of this rule, and also its duty as a common carrier in furnishing cars upon request. We note the contention in the brief for appellant that the rule afforded by the railroad commission is the sole and reasonable compensation in such cases, and the quotations in the brief from the opinion in the case of *Keystone Lumber Co.* v. *Yazoo & M. V. R. R. Co.*, 97 Miss. 433, 53 South. 8. We do not understand that that case limits the shipper to the recovery of only the amount fixed by the railroad commission in the rule, nor should the conclusion be drawn from that case that the shipper is deprived of his right to recover such actual damages as he may sustain by reason of the failure of the railroad company to furnish cars.

Under the subject of liability of a common carrier for delay in transportation, it is said in Sutherland on Damages, p. 2711, that "the plaintiff is entitled to recover for damages naturally following under circumstances known to both parties when the contract was made. If the special circumstances under which it was actually made were communicated by the plaintiff to the de-

fendant, and thus known to both, the damages resulting from the breach are those 'which they might reasonably contemplate would be the amount of injury which would ordinarily follow therefrom under the circumstances so known and communicated.'' It is also said by the same writer that ''whenever either the object of the sender is specially brought to the notice of the carrier, or circumstances are known to him from which the object ought in reason to be inferred, so that it may be taken to have been within the contemplation of both parties, damages may be recovered for the natural consequences of the failure of that object.'' There can be no question as to appellees' right to recover proper damages as claimed in the second count of the declaration. It seems that this was really conceded by appellant when it asked that appellees be required to elect.

It is contended by appellant that the damages were special, and that the special circumstances under which the damages resulted were not communicated to its agent, and that he had no notice or knowledge thereof, citing the case of *Express Co.* v. *Jennings,* 86 Miss. 329, 38 South. 374. We think that appellant's agent had full knowledge, special and general, of the entire matter. Besides, we find this point fully presented in the instructions, and it was a question of fact which was determined by the jury. Appellant, as a common carrier, is liable to appellees for such actual damages as were sustained by reason of any failure or default on its part to deliver the cars as requested. We do not find the rules relative to damages, so clearly stated in the case of *Vicksburg & M. R. R. Co.* v. *Ragsdale,* 46 Miss. 459, have been changed. It is announced in that case that ''the cardinal principle in reference to damages is that the party in default shall make full and complete satisfaction.'' The damages claimed in this case are such as may fairly and reasonably be considered as resulting from the appellant's failure to furnish the cars.

*Affirmed.*