LOUIS H. CHAPMAN, Respondent, v. JAMES C. FARGO, as President of the AMERICAN EXPRESS COMPANY, Appellant.

Contract — express companies — damages for breach of contract confined to those naturally and directly arising from the breach — action against express company for delay in transportation of moving picture films — express company not liable for loss caused by its failure to deliver films to be shown on a holiday unless company was informed of circumstances and probable special loss if films should not be delivered in time.

1. In order to impose on a defaulting party a further liability than for damages naturally and directly, i. e., in the ordinary course of things, arising from a breach of contract, such unusual and extraordinary damages must have been brought within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting.

2. This action was brought to recover damages for unreasonable delay in the transportation of moving picture films which were delivered to the defendant express company for shipment. There was evidence from which the jury could find as it did that there was unreasonable delay in the delivery of the films and plaintiff has been allowed to recover as damages the receipts or profits which it is claimed he would have realized from the exhibition of said films if they had been delivered with reasonable promptness, through the attendance at his theatre at a certain rate of admission of many people who stayed away or paid a lower rate of admission because said pictures were not exhibited. The evidence also shows that at the time of shipment the defendant knew that the package contained films which were to be exhibited and that in general terms he was notified that transportation was to be " rushed " because they were to be exhibited. There was, however, no notice express or implied that plaintiff was to be the exhibitor; that he owned a theatre for which exhibition of said films on an important holiday like Christmas had been specially advertised; that the films possessed such particular attractiveness for the public that they could not be readily replaced and that on failure by defendant to deliver them by a certain day it would be necessary to close the theatre or supply their place with less attractive and less profitable ones. Held, that the notice was not enough to lay the basis for the recovery. Before defendant could be

held to special damages such as the present alleged loss of profits on account of delay or failure of delivery it must have appeared that he had notice at the time of delivery to him of the particular circumstances attending the shipment and which probably would lead to such special loss if he defaulted. (*Hadley* v. *Baxendale*, 9 Exch. 341, followed.)

*Chapman* v. *Fargo*, 165 App. Div. 950, reversed.

(Argued February 7, 1918; decided February 26, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 30, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Townsend* for appellant. There is no evidence of defendant's negligence. (*Wilbert* v. *N. Y. & E. R. R. Co.*, 12 N. Y. 245; *Geisner* v. *L. S. & M. S. R. Co.*, 102 N. Y. 563; *Tyrrell* v. *Mayor, etc.*, 34 App. Div. 334; *Smith* v. *Wilcox*, 24 N. Y. 353; *Baldwin* v. *U. S. Telegraph Co.*, 45 N. Y. 744; *Brown* v. *Weir*, 95 App. Div. 78; *Hamilton* v. *McPherson*, 28 N. Y. 72; *Rochester Lantern Co.* v. *Stiles & Parker Press Co.*, 135 N. Y. 209; *Griffin* v. *Culver*, 16 N. Y. 489.)

*William F. Dowling* for respondent. The defendant having failed to deliver the films on Christmas day, after having been fully notified as to the contents of the package received by it at Troy and of the purposes for which contents were to be used, became liable to plaintiff for loss of profits. (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 214; *Illinois Central R. R. Co.* v. *Byrne*, 205 Ill. 9.)

HISCOCK, Ch. J. This action was brought to recover damages for unreasonable delay in the transportation

of moving picture films which were delivered to the defendant express company in Troy for shipment to the plaintiff in Utica. There was evidence from which the jury could find as it did that there was unreasonable delay in the delivery of the films and plaintiff has been allowed to recover as damages the receipts or profits which it is claimed he would have realized from the exhibition of said films, if they had been delivered with reasonable promptness, through the attendance at his theatre at a certain rate of admission of many people who staid away or paid a lower rate of admission because said pictures were not exhibited. Upon this appeal the important propositions urged upon our attention are *first*, that plaintiff was not entitled to recover such loss of profits, and *second*, that even if he was, no competent evidence was given of their amount. In view of our conclusions in respect of the first proposition it will be unnecessary to discuss the second one. The first step in the discussion will be to state the circumstances under which the films were received by defendant and the contract thereby established between him and the plaintiff, as such circumstances could be found most favorably to the plaintiff.

It appears and I think defendant must be charged with knowledge of the fact that films are sent out for use by a central company and that after having been exhibited in one place they are shipped on for use in another one. These particular films were originally sent out by a company in New York and after they had been exhibited in Troy they were brought to the defendant's office in that city for shipment to plaintiff. They were inclosed in " a leather grip or handbag " which was not the regulation package in which films were generally shipped. There were pasted on the handbag labels which contained respectively the word " Rush," the name of the company which originally shipped out the films, and the words

" Motion Picture Films " or " Films." The messenger who brought the package to the express office told the agent " that the package contained films and should be rushed on account of showing; something to that effect. I wont say that those were the exact words." The package was directed to " L. H. Chapman, Toy Novelty Company," in Utica. In addition evidence was given by the plaintiff that the pictures shown by these films were of an unusually attractive character; that he had especially advertised their exhibition on Christmas day in a theatre owned by him and also tending to show as claimed that if the films had been delivered with reasonable promptness his theatre would have been attended by a large number of persons paying each ten cents for admission, whereas owing to the failure of delivery and inability to exhibit the pictures from these particular films a large number of persons stayed away from his theatre entirely and a large number of others only paid an admission fee of five instead of ten cents. On this evidence as already stated plaintiff was permitted to recover for loss of profits in the operation of his theatre.

When we analyze this evidence for the purposes of this case we see that at the time of shipment the defendant knew that the package contained films which were to be exhibited and that in general terms he was notified that transportation was to be " rushed " because they were to be exhibited. There was no notice express or implied that plaintiff was to be the exhibitor; that he owned a theatre for which exhibition of said films on an important holiday like Christmas had been specially advertised; that said films possessed such particular attractiveness for the public that they could not be readily replaced and that on failure by defendant to deliver them by a certain day it would be necessary to close the theatre or supply their place with less attractive and less profitable

ones.   This notice was not enough to lay the basis for the present recovery.

Defendant knowing that the package contained films which were passed around a circuit for exhibition and having been notified to " rush " them on that account is chargeable with such damages as would naturally result from unreasonable delay and which, therefore, must be deemed to have been within the contemplation of the parties when the shipment was made.   (Sutherland on Damages [4th ed.], vol. 3, secs. 903, 905, 913; Hutchinson on Carriers [3d ed.], vol. 3, sec. 1369; *Harvey* v. *Conn., etc., R. R. Co.,* 124 Mass. 421; *Pielcher* v. *Cent. of Ga. Ry. Co.,* 155 Ala. 316; *L. & N. R. R. Co.* v. *Mink,* 126 Ky. 337; *St. Louis & S. F. R. R. Co.* v. *Farmers Union Gin Co.,* 34 Okla. 270.)

In the case of property like films intended for use as distinguished from sale or some other purpose, the ordinary damages would be the loss of rental value caused by the delay and perhaps certain incidental expenses if incurred.   (Sutherland on Damages, vol. 4, sec. 905; Hutchinson on Carriers, vol. 3, sec. 1373.)

But before defendant could be held to special damages such as the present alleged loss of profits on account of delay or failure of delivery it must have appeared that he had notice at the time of delivery to him of the particular circumstances attending the shipment and which probably would lead to such special loss if he defaulted. Or, as the rule has been stated in another form, in order to impose on the defaulting party a further liability than for damages naturally and directly, *i. e.,* in the ordinary course of things, arising from a breach of contract, such unusual or extraordinary damages must have been brought within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting.   Generally, notice then of any special circumstances which will show that the damages to be anticipated

from a breach would be enhanced has been held sufficient for this effect.

In this case it was not a sufficient basis for recovery for loss of special profits that the carrier should know of the general purposes for which the films were to be used. He should have been notified of the particular circumstances and purpose already recited making important their delivery by a certain day and which have been made the foundation of the special damages which have been allowed. In effect he should have been made aware that plaintiff had made certain plans based upon the arrival of the films at a certain time, and that in case of non-arrival these plans would be destroyed in all probability causing certain damages. (Hutchinson on Carriers, vol. 3, sec. 1369; *Booth* v. *Spuyten Duyvil Rolling Mill Co.*, 60 N. Y. 487; *Ill. Cent. R. R. Co.* v. *Nelson*, 139 Ky. 449; *American Express Co.* v. *Jennings*, 86 Miss. 329; *Higgins* v. *U. S. Express Co.*, 83 N. J. L. 398; *Thomas, etc., Mfg. Co.* v. *Wabash, etc., R. Co.*, 62 Wis. 642; *Simpson* v. *London & N. W. R. R. Co.*, 1 Q. B. D. 274; *Hadley* v. *Baxendale*, 9 Exch. R. 341; *Gee* v. *Lancashire & Y. Ry. Co.*, 6 H. & N. 211; *Mather* v. *Amer. Express Co.*, 138 Mass. 55; *Swift River Co.* v. *Fitchburg R. R. Co.*, 169 Mass. 326.)

So far as text books are concerned the rule which protects defendant in this case is well laid down in Hutchinson (sec. 1369) where it is said that knowledge by the carrier of the " general use to which the article was to be put will not be sufficient to charge him with liability for loss of the use or the profits which would thereby have been made. The special circumstances of the case requiring care or expedition must have been brought to his attention."

Of the cases which have been cited as sustaining the rule only two need be commented upon at any length.

The case of *Hadley* v. *Baxendale* is a leading one.

It repeatedly has been cited with approval by the courts of this country and the principles therein laid down in our judgment fully cover the present case and prohibit recovery of plaintiff's alleged loss of profits. In that case the plaintiffs being the owners of a mill sent a broken iron shaft to the defendants who were common carriers to be conveyed by them and the latter were told that the mill was stopped and that the shaft must be delivered immediately. Instead of this, delivery was delayed for an unreasonable time in consequence of which plaintiffs were unable to work their mill from want of a new or other shaft and incurred a loss of profits. It was held that damages for such loss of profits could not be recovered. Baron ALDERSON delivering the judgment of the court stated the general rule that damages could be recovered for breach of a contract which could be fairly and reasonably considered as arising naturally " according to the usual course of things from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it," and that " if the special circumstances under which the contract was actually made were communicated by the plaintiffs to the defendants, and thus known to both parties, the damages resulting from the breach of such a contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated." He then says that in the case before the court the only circumstances communicated to the defendants at the time the contract was made were that the article to be carried was a broken shaft of a mill and that the plaintiffs were the owners of that mill and he then reached the conclusion that those circumstances did not reasonably show that the profits of the mill must be stopped by an

unreasonable delay in the delivery of the broken shaft; that in the great multitude of cases of millers sending off broken shafts by a carrier, such consequences through lack of another shaft would not in all probability have occurred and that the special circumstances resulting in loss were not communicated to the defendants by the statement at the time of shipment.

The case of *American Express Company* v. *Jennings* is a well-considered case in which the *Hadley* case is cited with approval. In this case complainant sought to recover special damages for miscarriage of a piston rod whereby he was compelled to shut down his cotton mill, the express company having had no notice of the circumstances which rendered this result probable. The court said: " If one of the parties to a contract is to be made liable for extraordinary damages, it is right that before the contract is made he should have notice of the exceptional circumstances that may warrant them," and again, " special damages will not be allowed unless it shall appear that before the articles were received by the Southern Express Company for shipment, it had notice of the special circumstances of plaintiff's situation and of the great importance to him of prompt carriage and delivery."

Certain cases are relied on which are supposed to be similar to the present one where there have been allowed as damages for the failure of a carrier promptly to transport a theatrical company or scenery the profits which were lost through inability to give an entertainment which was prevented by the carrier's default. (*Weston* v. *Boston & Me. R. R.*, 190 Mass. 298; *Ill. Cent. R. R. Co.* v. *Byrne*, 205 Ill. 9.)

But the decisions in these cases are entirely in accordance with the general rules which have been stated. As was pointed out in the *Weston* case the ordinary result of failure to transport a traveling theatrical company

or its properties would be prevention of a performance, and the loss of expected returns from such entertainment would not be special profits or damages but ordinary damages such as were to be anticipated.

Inasmuch as this case has been tried three times and, therefore, all of the evidence possessed by the plaintiff presumably presented and which evidence does not entitle him to recover, we think that not only should the judgment be reversed but that the complaint should be dismissed, with costs to appellant in all courts.

COLLIN, CUDDEBACK, CARDOZO, POUND and CRANE, JJ., concur; ANDREWS, J., not sitting.

Judgment accordingly.