MITSUBISHI SHOJI KAISHA, Ltd., v. DAVIS, Director General of Railroads.*

(Circuit Court of Appeals, Second Circuit. May 7, 1923.)

No. 272.

1. Carriers ☜94(4)—Complaint held insufficient to show notice to carrier of resale of goods.

In an action against a carrier for conversion of goods intrusted to it for shipment, a complaint alleging that plaintiff had contracted to sell the goods to a responsible purchaser at their destination for a stated sum, and that the initial carrier was advised to forward the goods promptly, so they could be delivered at the earliest practical time, in order to satisfy plaintiff's customers for or purchasers of the goods, was insufficient to show knowledge by the carrier of the resale of the goods at the stated price, and therefore not to authorize recovery of the resale price, which was in excess of the market price.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
·Certiorari denied 44 Sup. Ct. 34, 68 L. Ed. —·.

**2. Trover and conversion ⊜⊸44—Measure of damages stated.**
    The measure of damages for conversion of goods is generally the market value at the time and place of conversion, though a different rule is applied where there is no market value at that place, or where there are special circumstances.

Appeal from the District Court of the United States for the Southern District of New York.

Action at law by the Mitsubishi Shoji Kaisha, Limited, against James C. Davis, Director General of Railroads, as Agent, under Transportation Act 1920, § 206, operating the Northern Pacific Railway Company. Judgment for plaintiff, for part only of the amount asked for, and plaintiff brings error. Affirmed.

Writ of error to a judgment of the District Court for the Southern District of New York in favor of plaintiff for $3,937.86. The cause was tried before the court without a jury, and a motion was made for judgment on the pleadings, with a stipulation admitting the answer. The facts, as admitted, follow:

Plaintiff is a Japanese corporation, and Northern Pacific Railway Company is a Wisconsin corporation. Davis, Director General of Railroads, as Agent operating Northern Pacific, became defendant under section 206 of the Transportation Act of 1920 (41 Stat. 456). In September 1918, plaintiff by agreement in New York City with Canadian Pacific Railway Company shipped certain steel bars under a through order—notify bill of lading issued to plaintiff by Canadian Pacific at New York on September 30, 1918, from Sault Ste. Marie, Canada, via Seattle, to Yokohama. Before the steel bars reached Seattle, Canadian Pacific duly delivered them to defendant, who was then operating Northern Pacific. Defendant was acting as intermediate and connecting carrier, and transported the steel bars to Seattle under the through bill of lading, supra. On or about November 27, 1918, defendant at Seattle delivered the steel bars contrary to the terms of the bill of lading to the wrong steamship, and to parties not the consignees, nor their indorsees or assignees, and defendant thereby converted the steel bars. Plaintiff paid Canadian Pacific a total of $1,641.40, a proper share of which defendant received for its services as an intermediate and connecting carrier.

It is then alleged in the complaint:

"(7) That shortly prior to the delivery of said steel bars to said Canadian Pacific Railway Company for carriage to Japan, plaintiff contracted to sell the same to a responsible customer or purchaser at Yokohama for $4,266, including prepaid inland and ocean freight to Yokohama, which was the fair market value of said bars at Yokohama at that time, and which sum of $4,266 plaintiff would have received for said bars on or about December 15, 1918, the date when said bars would have reached Yokohama in due course of shipment, but for their conversion by said defendant.

"(8) That prior to the issuance of said through bill of lading by the Canadian Pacific Railway Company to the plaintiff said railway company was advised and urged by the plaintiff that it should provide necessary facilities and move said steel bars forward promptly, so that they could be landed in Yokohama at the earliest practicable time, in order to satisfy plaintiff's Japanese customers for or purchasers of said steel bars."

Defendant's answer admitted the allegations of the complaint, and set up three partial defenses, based on three theories; i. e., that plaintiff's recovery should be limited (1) to invoice value of the shipment at time and place of shipment; (2) the market value at time and place of conversion—i. e., Seattle; or (3) the market value at the time and place the shipment should have been delivered at destination, or, in other words, on December 15, 1922, at Yokohama. The amount, in each case, was the same—that is, $3,153.61—and as the facts alleged in the answer were admitted by virtue of the stipulation, there is no dispute as to figures.

The judgment entered by the District Court was the sum of this $3,153.61, plus interest from December 15, 1922, and costs. Defendant did not take a writ of error in respect of the allowance of interest.

Murray Corrington, of New York City, for plaintiff in error.

Stetson, Jennings & Russell, of New York City (William C. Cannon, Theodore Kiendl, and George M. Skinner, all of New York City, of counsel), for defendant in error.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). [1] It is unimportant in this case whether the place of conversion be regarded as Seattle or Yokohama. The value of the converted goods was the same at both places. Plaintiff insists that it was entitled to recover $4,266, the resale price at Yokohama, and there is controversy as to the meaning of paragraphs 7 and 8, quoted supra.

We think that there is no difficulty in construing these paragraphs. There is not the slightest suggestion that the Canadian Pacific was notified nor had any knowledge of the existence of a contract of sale for $4,266 between plaintiff and a customer in Japan. All the notice or information conveyed by plaintiff to the Canadian Pacific was that the latter "was advised and urged" to "move said steel bars forward promptly, so they could be landed in Yokohama at the earliest practicable time in order to satisfy plaintiff's Japanese customers for or purchasers of said steel bars."

Such a notice is wholly insufficient to charge the carrier with knowledge of the special damages plaintiff might sustain by delay or loss in transit. It will be noted that even this notice was quite indefinite, being in the alternative as to "customers for or purchasers of" the steel bars. The classic rule of Hadley v. Baxendale, 9 Exch. 341, is easy enough to state. The difficulty always arises in its application to facts under consideration.

Chapman v. Fargo, 223 N. Y. 32, 119 N. E. 76, L. R. A. 1918F, 1049, Ann. Cas. 1918E, 1054, is not only a recent decision, but is probably the nearest in principle to that at bar. The opinion of Hiscock, C. J., refers to many cases cited at bar and carefully considers and applies the rule of Hadley v. Baxendale. Cf. Illinois Central v. Johnson, 116 Tenn. 624, 94 S. W. 600. Booth v. Spuyten Duyvil Rolling Mill Co., 60 N. Y. 487, and Burke v. Union Pacific R. Co., 226 N. Y. 534, 124 N. E. 119, each involve a state of facts quite dissimilar from those presented in this case.

[2] As it is unimportant in this case whether we take the value at Seattle or Yokohama, it is plain that plaintiff must be confined to the long-established general rule succinctly stated in Wallingford v. Kaiser, 191 N. Y. 392, 84 N. E. 295, 15 L. R. A. (N. S.) 1126, 123 Am. St. Rep. 600, as follows:

"In actions for conversion, and actions of a similar character, the general rule is that the value of the property at the place of conversion is the correct measure of damages"

—and also tersely stated by Lacombe, Circuit Judge, in Downing v. Outerbridge, 79 Fed. 931, 933, 25 C. C. A. 245, 246, as follows:

"The action is in tort, for conversion, and the proper measure of damage was the value of the merchandise at the time and place of conversion."

In the Wallingford Case, in Delafield v. Armsby, 131 App. Div. 572, 116 N. Y. Supp. 71, affirmed on opinion below 199 N. Y. 518, 92 N. E. 1083, in The Manhattan (C. C. A.) 284 Fed. 310, and in many other cases, cited in our opinion in Mallory Steamship Co. v. Mitchell, 291 Fed. 53, filed May 7, 1923, a different rule is applied, where there is no market value at place of conversion or of destination, or where there are particular circumstances. But in the case at bar market value at Yokohama, including prepaid ocean and inland freight, is admitted to have been $3,153.61. That market value is controlling in this case as the measure of damages and hence the conclusion of the District Court was right.

Judgment affirmed.