BASTIAN BROTHERS COMPANY, Appellant, v. AMERICAN RAILWAY EXPRESS COMPANY, Respondent.

Fourth Department, May 16, 1923.

Carriers — action to recover value of school commencement invitations printed by plaintiff for customer — package delivered to defendant was misdirected — plaintiff advised agent at point of shipment by letter to forward package to correct address and stated contents and need for haste — delivery of package tendered on day of commencement and refused — defendant is liable.

The plaintiff printed invitations for the commencement exercises of a high school and delivered the package containing the invitations to the defendant improperly addressed and without any statement as to the contents. After the receipt of the package at the place to which it was addressed, the agent at that station notified the plaintiff that the addressee was unknown and requested the plaintiff to give written instructions to defendant's agent at the point of shipment. Two days thereafter, and approximately three weeks before commencement, plaintiff telephoned defendant's agent at the point of shipment giving him the correct address, and also wrote him a letter containing the correct address and information as to the contents of the package and requested that it be delivered within a few days since the invitations would be worthless if not received at least two weeks before commencement. Delivery of the package was tendered to the consignee on the day of commencement, about three weeks after the correct address was furnished, and was then refused. The average period required to transport packages between the two points was about two days.

Held, that the letter, though informal in character, was a clear direction to the defendant to carry the goods from the place to which they were misdirected to their proper destination and from that letter there arose a new contract for carriage upon a new consideration.

The defendant, having designated the office of shipment as the proper office to receive new instructions, cannot claim that it was not the proper agency.

While ordinarily in order to recover special damages notice of special circumstances must be given the carrier at or before the time when and at the place where

the shipment is received, under the circumstances of this case the notice in the letter directing the carriage was sufficient and the defendant is liable for the loss sustained.

APPEAL by the plaintiff, Bastian Brothers Company, from a judgment of the County Court of the county of Monroe, entered in the office of the clerk of said county on the 27th day of November, 1922, reversing a judgment of the City Court of Rochester, Civil Branch, in favor of the plaintiff, and dismissing the complaint.

*John W. Remington,* for the appellant.

*Edward Lynn,* for the respondent.

SEARS, J.:

Previous to the 30th day of April, 1921, the plaintiff entered into a contract with Walter C. Ritchie of Leechburgh, Penn., to prepare and deliver to him forms of invitations for the commencement exercises of the Leechburgh High School which were to be held on May 27, 1921, for which invitations plaintiff was to be paid $172.49. The plaintiff completed the invitations, wrapped them in a package addressed to Walter Ritchie at Leesburg, Penn., and on April 30, 1921, delivered the package to the defendant at its Rochester office for carriage and delivery as addressed. The plaintiff gave a valuation of the package of $172.49, but the package itself bore no label or marking to indicate the nature of its contents and defendant was not then informed what the package contained or the need for the delivery of the package before any specific date. The Rochester agent issued the usual receipt to the plaintiff. The defendant carried the package to Leesburg and on its arrival there on May third the defendant's employees found the consignee to be unknown in that place and the Leesburg agent of the defendant thereupon wrote a card to the plaintiff which reached the plaintiff on May fifth, stating that the consignee was unknown in Leesburg and that written instructions should be given to the agent of defendant whose receipt plaintiff held designating the disposal plaintiff wished to make of the goods.

Following the receipt by the plaintiff of this card, an employee of the plaintiff had a conversation on May seventh with an employee of the defendant at Rochester as to further carriage of the goods, but as the defendant's employee understood from this conversation that the package was then at Leechburgh and was to be forwarded to Leesburg, while the contrary was plaintiff's intention, no meeting of the minds occurred and no new contract was then made.

28

On the same day, however, plaintiff sent a letter to the defendant as follows:

" Confirming telephone conversation of this morning regarding C. O. D. shipment of April 30th consigned to Walter C. Ritchie, c/o Leesburg High School, Leesburg, Pa., would ask you to kindly wire your agent at Leesburg to forward this shipment to Mr. Ritchie, at Leechburg, Pa.

" Please do everything possible to effect immediate delivery of this shipment as it contains invitations for commencement exercises to be held on May 27th and the invitations will be worthless unless consignee can have them to mail out about two weeks in advance of the commencement date."

Following the receipt of this letter, the package was carried by defendant from Leesburg to Leechburgh but did not arrive in Leechburgh until May 27, 1921, the day of the commencement exercises, when it was refused by the consignee and returned to the plaintiff who now holds these goods but they are naturally now of no value. The distance from Leesburg to Leechburgh by railway is about one hundred miles and a reasonable time for the carriage of express packages from one place to the other is two or three days.

The letter of May seventh, although informal in character, was a clear direction to the defendant to carry the goods then in Leesburg from that place to Leechburgh and from it arose a new contract for carriage upon a new consideration. (*Schlitten* v. *Hines*, 196 App. Div. 254; *Wien* v. *N. Y. C. & H. R. R. R. Co.*, 166 id. 766.) The Rochester office having been designated by the office in possession of the goods as the particular agency with which the plaintiff was to deal, cannot now be claimed by the defendant to have not been the proper agency. While ordinarily to recover special damages notice of special circumstances must be given the carrier at or before the time when and at the place where the shipment is received (*Chapman* v. *Fargo*, 223 N. Y. 32), under the special circumstances here involved the notice in the letter directing the carriage was sufficient.

The judgment of the Monroe County Court should be reversed on the law and the judgment of the City Court of Rochester modified by increasing the amount of damages recovered to $172.49, and as modified affirmed, with costs in all courts.

All concur.

Judgment of Monroe County Court reversed and judgment of the City Court of Rochester modified by increasing the damages to $172.49, and as so modified affirmed, with costs in this court and in the County Court to appellant.