Common Pleas Court of Summit County.

## THE CONCRETE STEEL CO. V. THE ERIE RAILROAD CO.

Decided April 8, 1931.

*C. D. Riggle,* for plaintiff.
*R. H. Nesbitt,* for defendant.

DOYLE, J.

This action was brought to recover special damages for "unwarranted and unreasonable" delay in the transportation of iron bars and barrels from Youngstown, Ohio, to Akron, Ohio, by the defendant company, a common carrier.

Plaintiff charged in its petition, and proved, that the iron, after its receipt, was made into finished form and shipped to its customer, who refused the same because of delay; that the finished iron was then returned to plaintiff, who scrapped it; that the value of the goods when shipped was $157.18, and the scrap. value, $20.80; and plaintiff also alleged that the freight charges were an element of damages.

The record does not disclose any contract, agreement or notice to the carrier that the iron was to be made into a specialty, and in this form to be resold or that defendant had knowledge that special damages were likely to arise from a delay in the shipment. The bill of lading did have upon it the following language: "To be carded through to Akron, authority J. H. Carroll, agent," which, interpreted, meant to rush the shipment.

There was introduced into the case no evidence tending to prove damages of a general character. The plaintiff proved and relied solely on the special damages alleged. A jury was waived and the case submitted to the court.

The classic case referred to by the majority of courts passing on similar questions is that of *Hadley* v. *Baxendale,* 9 Exch. R., 341. In this case the court says:

"Where two parties have made a contract, which one of them has broken, the damages which the other party ought to receive in respect to such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i. e. according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the

contract, as the probable result of the breach of it. Now if the special circumstances under which the contract was actually made was communicated by plaintiff to the defendants, and thus known to both parties, the damages resulting from the breach of such contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated."

Applying the reasoning in the able opinion of Chief Justice Hiscock, in the case of *Chapman* v. *Fargo*, 223 N. Y., 32, to the case at bar, the defendant company is only chargeable with such damages as would naturally result from the delay and which must have been within the contemplation of the parties when the shipment was made; and before the defendant can be held to special damages, such as the present loss of sale of a finished product made out of the original consignment of iron which was delayed in transit, it must appear that defendant had knowledge at the time of delivery to it of the particular circumstances attending the shipment which probably would lead to a special loss if default was made. The evidence in this case shows no such knowledge on the part of the carrier.

The syllabus in the case of *Ackerland & Co.* v. *Railroad Co.*, 83 Ohio St., 293, is as follows:

"In case of the breach by a common carrier of its obligation to deliver merchandise within a reasonable time, the shipper may recover as general damages, the decline in its market value between the times when it should have been and when it was delivered."

That case, however, is readily distinguishable from the instant case in that general damages were recovered therein, while in the instant case only special damages are sought. See also *Bank* v. *Telegraph Co.*, 30 Ohio St., 555, and *Telegraph Co.* v. *Sullivan*, 82 Ohio St., 14, in which telegraph companies were held not liable for special damages for breach of contract in the absence of requisite notice.

The reason for the rule of *Hadley* v. *Baxendale, supra,* is that if the defendant is to bear the risk, he should be

given notice, in order that he may, if he so desires, increase the consideration demanded to cover the insurance. In other words, defendant is liable in tort for all proximate results, irrespective of his knowledge of plaintiff's condition, but ordinarily any contract damages are limited to those reasonably anticipated.

Here the circumstances are more in the control of the plaintiff; therefore, business convenience should compel him to bear the risk of unusual damages.

Under this view of the case, judgment is rendered for the defendant.