437 FIFTH COMPANY, Appellant, *v.* BARTON REALTY CORPORATION, Respondent.

First Department, May 13, 1965.

*Benedict Ginsberg* for appellant.

*Abraham Engelman* and *Martin L. Fried* of counsel (*Tenzer, Greenblatt, Fallon & Kaplan,* attorneys), for respondent.

*Per Curiam.* The street floor in landlord appellant's building at 437 Fifth Avenue, Manhattan, became vacant after having been occupied as one large store. On February 14, 1962, a portion of the floor was leased for a 10-year term to tenant respondent Barton Realty Corporation, an adjunct of a corporation operating numerous candy stores. The lease entitled Barton to possession by March 1, 1962, rent-free to June 1, 1962, and required Barton to make certain alterations, to the cost of which the landlord promised to contribute $20,000. Among other alterations Barton agreed to separate the area demised to it from the remainder of the floor by erecting dividing walls so designed that two additional store areas would be created which the landlord could offer for rent. Since no date for completion of the walls was specified in the lease, completion was required within a reasonable period by familiar doctrine (*Papaioannou* v. *Britz,* 285 App. Div. 596, 600). And the period the parties regarded as reasonable was soon determined, for after Barton had commenced the alteration work, the landlord's representative informed Stephen Klein, Barton's president, that the landlord was negotiating for occupancy of the adjoining vacant store areas, and asked when the dividing walls would be completed so that leases could be made with the prospective tenants. On the strength of Klein's oral assurances that the walls would

be completed soon enough to permit occupancy of one area by May 15, 1962, and of the other by June 1, 1962, the landlord rented the two areas by leases providing for completion on those dates, respectively. Barton, however, failed to complete the walls until September. Use of the areas for the business purposes for which they were rented was thus delayed; and to compensate the lessees for the delay the landlord made each a rent allowance which it seeks to recover from Barton as damages.

Appellate Term's disallowance of the landlord's claim was in our opinion erroneous. It is true, as Barton points out, that the other tenancies were not in existence when Barton signed its lease. But it was apparent to Barton at the very outset that the adjoining store areas were to be rented by the landlord (cf. *Czarnikow-Rionda Co.* v. *Federal Sugar Refining Co.*, 255 N. Y. 33, 43), and that no tenant could occupy them effectively until the dividing walls were erected. As Klein acknowledged, "The walls had to be finished to be able to do business." Present here were special circumstances of the landlord's situation which made prompt performance by Barton important, and the record shows Barton to have been amply aware of them and of the importance to the landlord of timely construction of the partitions (see *Chapman* v. *Fargo*, 223 N. Y. 32, 37, 39). We must conclude that the damages sought were within direct contemplation, and especially foreseeable by a knowledgeable realty organization like Barton, "a corporation," Klein conceded, "in which many leases are made."

In other respects we are in accord with Appellate Term's dispositions. The reasoning underlying that court's refusal to allow interest on rent installments is based on the voluntary submission of all issues to the court although it negatives the initial right of landlord to institute the summary proceeding.

Accordingly, determination of the Appellate Term entered on May 21, 1964, should be modified, on the law and on the facts, to the extent of reinstating the fourth decretal paragraph of the judgment of the Civil Court entered on November 4, 1963 (which paragraph grants judgment to landlord appellant in the aggregate sum of $7,916.70, with interest as in said paragraph stated), and, as so modified, affirmed, with costs and disbursements to landlord appellant.

BOTEIN, P. J., BREITEL, RABIN, McNALLY and STEVENS, JJ., concur.

Determination of the Appellate Term unanimously modified, on the law and on the facts, to the extent of reinstating the fourth decretal paragraph of the judgment of the Civil Court

entered on November 4, 1963 (which judgment grants judgment to landlord appellant in the aggregate sum of $7,916.70, with interest as in said paragraph stated), and, so modified, affirmed, with $50 costs to landlord appellant. [See 23 A D 2d 839.]